# IN THE CIRCUIT COURT OF TENNESSEE
## AT NASHVILLE, DAVIDSON COUNTY

**DEPOSITORS INSURANCE COMPANY**
**A/S/O EVE CONDOMINIUM**
**ASSOCIATION, INC.,**

      **PLAINTIFF,**

**VS.**                                          **DOCKET NO. _____**

**KATHLEEN M. SCHLIEP, and**
**AIRBNB, INC.**

      **DEFENDANTS.**

## COMPLAINT

**COMES NOW** the Plaintiff, Depositors Insurance Company a/s/o Eve Condominium Association, Inc. (hereinafter "Plaintiff"), by and through counsel, and for cause of action against the Defendants, Kathleen M. Schliep and Airbnb, Inc., would respectfully show and state:

1. Plaintiff is a corporation organized and doing business in the various states in the United States, including the State of Tennessee, being qualified and certified to do business in the State of Tennessee, and is engaged in the business of providing insurance for, among other things, commercial rental property.

2. Plaintiff insured the property owned by Eve Condominium Association, Inc. located at 700 1st Avenue N., Unit 401, Nashville, Tennessee 37203-4734 (hereinafter "the Subject Property") on April 22, 2022.

3. Defendant, Kathleen M. Schliep, is a citizen of the state of Florida and can be served with process at 4920 Windsor Landing Dr., Unit 309, Fort Myers, FL 33966-8091.

4. Defendant, Airbnb, Inc. is a limited liability company with its principal offices being located

COPY

at 251 Little Falls Drive, Wilmington, Delaware, 19808 and may be served with process in accordance with T.C.A. § 20-2-201 and T.C.A. § 20-2-205 via the Tennessee Secretary of State upon its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

5. Defendant Airbnb, Inc. is a hosting company which, at all times relevant to this action, facilitated short term rentals through its website and puts prospective hosts in touch with prospective lessors in the State of Tennessee and the County of Davidson in particular.

6. This cause of action arises in tort based on a claim of negligence and breach of contract against the Defendant Kathleen Schliep as the result of her negligently leaving the rental unit while the stove was still on, causing a fire at Plaintiff's insured, Eve Condominiums Association's property located at 700 1st Avenue N., Unit 401, Nashville, TN 37201, which resulted in damage to Units 201, 301, and 401 of the Subject Property.

7. This cause of action arises in tort based on a claim of negligence and breach of contract against the Defendant Airbnb, Inc. as the result of its renter, Kathleen Schliep, negligently leaving the rental unit while the stove was still on, causing a fire at Plaintiff's insured, Eve Condominiums Association's property located at 700 1st Avenue N., Unit 401, Nashville, TN 37201 causing damage to Units 201, 301, and 401 of the Subject Property.

8. Plaintiff alleges that venue and jurisdiction are proper in the Circuit Court in Davidson County.

9. Plaintiff alleges that the Complaint is properly filed within the applicable statute of limitations.

10. Eve Condominium tenant, Margaret Mabury, engaged the services of Airbnb, Inc. to obtain short term lessors for Unit 401 of the Eve Condominium property.

COPY

11. On or about April 22, 2022, Eve Condominium tenant, Margaret Mabury, rented Unit 401, through management and operation by Airbnb, Inc., to Kathleen Schliep.

12. While staying at Mabury's property through the Airbnb, Inc. rental, Kathleen Schliep negligently exited the Unit while the stove was operational, subsequently causing a fire in the Unit.

13. On or about April 22, 2022, due to the fire started in Unit 401 by the negligence of the Airbnb, Inc. customer, Kathleen Schliep, Unit 401, Unit 201 and Unit 301 of the Subject Property suffered significant fire damage.

14. On or about that date, Plaintiff insured the Subject Property pursuant to a commercial property policy issued to Eve Condominium Association, Inc. under policy number ACP CPPD3100205460.

15. Pursuant to the terms of their policy, Eve Condominium Association, Inc. made a claim for damages payable by Plaintiff.

16. Pursuant to the terms of the policy, Plaintiff paid the claims of Eve Condominium Association, Inc. totaling One Hundred Forty-Six Thousand One Hundred Eleven Dollars and Ninety-Six Cents ($146,111.96). A deductible of Ten Thousand Dollars ($10,000.00) was applied, resulting in a total loss of One Hundred Fifty-Six Thousand One Hundred Eleven Dollars and Ninety-Six Cents ($156,111.96).

17. Plaintiff alleges that Defendant Kathleen Schliep had a duty to ensure that the Subject Property was not damaged by her while renting the property.

18. Plaintiff alleges that Defendant Kathleen Schliep breached said duties in one or more of the following ways:

    a.    failing to act in a reasonably careful manner to prevent damage to the property;

EFILED 12/04/23 11:25 AM CASE NO. 23C2812 Joseph P. Day, Clerk

> b.      failing to employ proper safety measures to prevent damage to property;
>
> c.      allowing the existence of unsafe conditions on the property;
>
> d.      failing to take the necessary measures to ensure all appliances are turned off prior to leaving the rental unit;
>
> e.      failing to ensure that she did not act to cause damage to the insured's property;

19. Plaintiff alleges that Defendant Airbnb, Inc. had a duty to ensure that the Subject Property was not damaged by them and/or their agents/renters while renting the property.

20. Plaintiff alleges that Defendant Airbnb, Inc. breached said duties in one or more of the following ways:

> a.      failing to act in a reasonably careful manner to prevent damage to the property;
>
> b.      failing to employ proper safety measures to prevent damage to property;
>
> c.      failing to vet renters appropriately;
>
> d.      allowing the existence of unsafe conditions on the property;
>
> e.      failing to take the necessary measures to instruct its customers on the importance of ensuring all appliances are turned off prior to leaving the rental unit;
>
> f.      failing to ensure that its customers did not act to cause damage to the insured's property;

21. Plaintiff asserts that, as a direct and proximate result of the negligence of the Defendants, Kathleen Schliep and Airbnb, Inc., Plaintiff was damaged in the amount of One Hundred Fifty-Six Thousand One Hundred Eleven Dollars and Ninety-Six Cents ($156,111.96).

22. Plaintiff avers that it is entitled to seek subrogation from the Defendants, Kathleen Schliep and Airbnb, Inc., for payments made to or on behalf of Eve Condominium Association,

COPY

Inc., pursuant to Tennessee law and the terms of the policy referenced above.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully sues the Defendants, Kathleen Schliep and Airbnb, Inc., for compensatory damages in the amount of One Hundred Fifty-Six Thousand One Hundred Eleven Dollars and Ninety-Six Cents ($156,111.96); pre-judgment and post-judgment interest, court costs, discretionary costs, and such other and further relief as the court deems proper and just.

Respectfully submitted,

**RUSSELL C. RUTLEDGE (#017548)**
**LAW OFFICE OF CRAIG J. LAZAROV**
*Attorney for Plaintiff*
5350 Poplar Avenue, Suite 306
Memphis, TN 38119
Phone:  901-620-2967
Direct Dial: 901-620-2980
Fax: 877-441-7199
LF #22-010130

COPY

CIRCUIT COURT SUMMONS                                          NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 400757

DEPOSITORS INS. CO. OBO EVE CONDOMINIUM
ASSOCIATION INC

                                                  Plaintiff

vs.

KATHLEEN M. SCHLIEP
4920 WINDSOR LANDING DR.
UNIT 309
FORT MYERS, FL 33966-8091

                                                  Defendant

CIVIL ACTION
DOCKET NO. 23C2812
Method of Service:
  Certified Mail

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  12/04/2023

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By:  _C W Loblett_

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

RUSSELL CURTIS RUTLEDGE
5350 POPLAR AVENUE
SUITE 306
MEMPHIS, TN 38119

NOTICE TO THE DEFENDANT:
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION

STATE OF TENNESSEE   )
COUNTY OF DAVIDSON  )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

Service ID 400757

COPY



JOSEPH P. DAY, CLERK

By:                     D.C.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Service ID 400757

COPY

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

Service ID 400757

DEPOSITORS INS. CO. OBO EVE CONDOMINIUM
ASSOCIATION INC

                                                        CIVIL ACTION
                                                        DOCKET NO. 23C2812
                                                        Method of Service:
                                                          Certified Mail

                                              Plaintiff

vs.

KATHLEEN M. SCHLIEP
4920 WINDSOR LANDING DR.
UNIT 309
FORT MYERS, FL 33966-8091

                                              Defendant

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 23C2812 to the Defendant, KATHLEEN M. SCHLIEP . On the _____ day of _____, 20___. I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON
_____ DAY OF _____, 20____.

                                        _____
                                        PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

                                        AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

COPY

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 400758

DEPOSITORS INS. CO. OBO EVE CONDOMINIUM
ASSOCIATION INC

Plaintiff

vs.

AIRBNB, INC.
CORPORATION SERVICE CO
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

Defendant

CIVIL ACTION
DOCKET NO. 23C2812
Method of Service:
   Secretary of State

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  12/04/2023

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

RUSSELL CURTIS RUTLEDGE
5350 POPLAR AVENUE
SUITE 306
MEMPHIS, TN 38119

---

**NOTICE TO THE DEFENDANT:**
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

<u>CERTIFICATION</u>

STATE OF TENNESSEE   )
COUNTY OF DAVIDSON   )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

Service ID 400758

COPY



JOSEPH P. DAY, CLERK

By: _C. Tollett_ D.C.

 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Service ID 400758

COPY

EFILED  12/04/23 11:25 AM  CASE NO. 23C2812  Joseph P. Day, Clerk

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 400758

DEPOSITORS INS. CO. OBO EVE CONDOMINIUM
ASSOCIATION INC

                                                    Plaintiff

vs.

AIRBNB, INC.
CORPORATION SERVICE CO
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

                                                    Defendant

CIVIL ACTION
DOCKET NO. 23C2812
Method of Service:
  Secretary of State

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 23C2812 to the Defendant, AIRBNB, INC. . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20___.

_____
____ NOTARY PUBLIC or ____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

♿ To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Exhibit A  rev 09/01/2022

COPY

DocuSign Envelope ID: 58D20A0E-1BC0-46CF-9F3D-910B2AD63C80 O. 23C2812 Joseph P. Day, Clerk

## CIRCUIT COURT SUMMONS

## NASHVILLE, TENNESSEE

Service ID 400757

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

DEPOSITORS INS. CO. OBO EVE CONDOMINIUM
ASSOCIATION INC

Plaintiff

CIVIL ACTION
DOCKET NO. 23C2812
Method of Service:
Certified Mail

vs.

KATHLEEN M. SCHLIEP
4920 WINDSOR LANDING DR.
UNIT 309
FORT MYERS, FL 33966-8091

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 12/04/2023

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _C. Tallett_

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
RUSSELL CURTIS RUTLEDGE
5350 POPLAR AVENUE
SUITE 306
MEMPHIS, TN 38119

NOTICE TO THE DEFENDANT:
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

COPY

CASE NO. 23C2812  Joseph P. Day, Clerk



JOSEPH P. DAY. CLERK

By: _C. Ellett_                    D.C.

 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

COPY

## CIRCUIT COURT SUMMONS

## NASHVILLE, TENNESSEE

Service ID 400757

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

DEPOSITORS INS. CO. OBO EVE CONDOMINIUM
ASSOCIATION INC

CIVIL ACTION
DOCKET NO. 23C2812
Method of Service:
Certified Mail

Plaintiff

vs.

KATHLEEN M. SCHLIEP
4920 WINDSOR LANDING DR.
UNIT 309
FORT MYERS, FL 33966-8091

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the __5th__ day of December, 2023, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 23C2812 to the Defendant, KATHLEEN M. SCHLIEP . On the __14th__ day of __December__, 20 23, I received the return receipt for said registered or certified mail, which had been signed by __Kathleen Schliep__ on the __12th__ day of __December__, 2023. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

DocuSigned by:


*Michelle Sanders*                                    Paralegal

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

Michelle Sanders

__14th__ DAY OF __December__, 20 __23__.

AUTHORIZED BY STATUTE TO SERVE PROCESS

DocuSigned by:

*Trisha Mather*

__X__ NOTARY PUBLIC or ____ DEPUTY CLERK

MY COMMISSION EXPIRES: 12/01/2025

Wilson County

TN

TENNESSEE
NOTARY
PUBLIC

ONLINE NOTARY PUBLIC
My Commission Expires: December 1, 2025

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev 09/01/2022

COPY
DocuSign Envelope ID: 58D20A0E-1BC0-46CF-9F3D-910B2AD63C80



**UNITED STATES POSTAL SERVICE**

December 14, 2023

Dear Michelle Sanders:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9489 0090 0027 6522 3205 61**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Individual Picked Up at Post Office |
| **Status Date / Time:** | December 12, 2023, 9:37 am |
| **Location:** | FORT MYERS, FL 33907 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Kathleen Schliep |

| Shipment Details | |
| --- | --- |
| **Weight:** | 1.0oz |

**Recipient Signature**

Signature of Recipient: *Kathleen Schr*
Kamreen Schliep
4322 WINDSOR LANDING DR UNIT 305
FORT MYERS, FL 33966-8891

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

EFILED 12/14/23 04:58 PM CASE NO. 23C2812 Joseph P. Day, Clerk

COPY

**IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE**

| | | |
|---|---|---|
| DEPOSITORS INC. CO. OBO | ) | |
| EVEN CONDOMINIUM ASSOC., INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 23C2812 |
| v. | ) | |
| | ) | |
| KATHLEEN M. SCHLIEP, and | ) | |
| AIRBNB, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

**NOTICE OF APPEARANCE**

Take notice that Bennett J. Wills hereby enters his appearance for Defendant Kathleen. M. Schliep in this matter.

Respectfully submitted,

*/s/Bennett J. Wills*
Bennett J. Wills (#034831)
Boyd & Wills, PLLC
750 Old Hickory Blvd.
Bldg. 2, Ste. 150
Brentwood, TN 37027
615-861-1936
bennett@boydwills.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29 day of December 2023, a copy of the foregoing Notice of Appearance was served on the following via email/the court's electronic filing system:

Russell Rutledge
5350 Poplar Ave.
Suite 306
Memphis, TN 38119

*/s/Bennett J. Wills*
Bennett J. Wills

1

COPY

| STATE OF TENNESSEE DAVIDSON COUNTY Circuit Court | SUBPOENA<br>☐ FOREIGN COURT SUBPOENA CASE #<br>☑ TESTIMONY/PRODUCTION REQUIRED (SEE NOTICE BELOW)<br>☐ MEDICAL RECORDS (SEE HIPAA REQUIREMENT BELOW) | CIVIL ACTION<br>DOCKET NO. 23C2812 |
|---|---|---|

| PLAINTIFF DEPOSITORS INS. CO. O/B/O EVE CONDOMINIUM ASSOCIATION INC | vs. | DEFENDANT SCHLIEP, KATHLEEN M. |
|---|---|---|

**TO:** (NAME, ADDRESS & TELEPHONE NUMBER OF WITNESS)

NASHVILLE FIRE DEPARTMENT
63 HERMITAGE AVE

NASHVILLE                    TN        37210

**Method of Service:**

**Personal Service**

You are hereby commanded to appear at the time, date and place specified for the purpose of giving testimony. In addition, if indicated, you are to bring the items listed. Failure to appear may result in contempt of Court which could result in punishment by fine and/or imprisonment as provided by law.

| TIME 3:00 pm | DATE 01/31/2024        COURTROOM | ITEMS TO BRING: Subpoena for records only. No appearance necessary. Records can be provided via email to: bennett@boydwills.com along with the provided affidavit of records custodian. |
|---|---|---|
| **PLACE** Boyd & Wills PLLC 750 Old Hickory Blvd. Bldg. 2, Ste. 150 Brentwood, TN 37027 | | Provide a copy of all reports, investigation records, and files, including photos, pertaining to a fire that occurred on April 22-23, 2022, at 700 First Ave N., Unit 401, Nashville, TN 37201. Provide records related to corresponding units 201, 301. |

| This subpoena is being issued on behalf of<br>☐ PLAINTIFF    ☑ DEFENDANT<br>**Attorney:** (NAME, ADDRESS & TELEPHONE NUMBER)<br>BENNETT J WILLS<br>750 OLD HICKORY BLVD.<br>BLDG. 2, STE. 150<br>BRENTWOOD            TN        37407<br>(615) 861-1936 | **DATE ISSUED** 01/02/2024 |
|---|---|
| | **JOSEPH P. DAY**<br>Circuit Court Clerk |
| **Authorized Signature** /s/ BENNETT J WILLS | BY: _C W Tillett_<br>**DEPUTY CLERK**<br>♿ To request an ADA accommodation, please contact Trey Collier at 880-3309. |

☑ **Testimony/Production required.**

### TESTIMONY/PRODUCTION NOTICE

The failure to serve an objection to this Subpoena within twenty-one (21) days after the day of service of the Subpoena waives all objections to the Subpoena, except the right to seek the reasonable costs for producing books, papers, documents, electronically stored information, or tangible things.

☐ **Medical Records Requested – HIPAA notice required.**

### HIPAA NOTICE

A copy of this Subpoena has been provided to counsel for the patient or the patient by mail or facsimile on                    , so as to allow him/her twenty-one (21) days to:

(A)  Serve the recipient of the Subpoena by facsimile with a written objection to the Subpoena, with a copy of the Notice by facsimile to the party that served the Subpoena, and

(B)  Simultaneously file and serve a Motion for a Protective Order consistent with the requirements of T.R.C.P. 26.03, 26.07 and Local Rule §22.10.

If no objection is made within twenty-one (21) days of the above date, you shall process this Subpoena and produce the documents by the date and time specified in the Subpoena. The signature of counsel or party on the Subpoena is certification that the above Notice was provided to the patient.

Service ID 405228

[Revised 9/01/22]

## RETURN ON SERVICE

Check one: (*1* or *2* are for the return of an authorized officer or attorney; an attorney's return must be sworn to; *3* is for the witness who will acknowledge service and requires the witness' signature.)

--------------------------------------------------------------------------------------------------------------------------

1. ☐ I certify that on the date indicated below, I served a copy of this Subpoena on the witness stated above by:

2. ☐ I failed to serve a copy of this Subpoena on the witness because:

3. ☐ I acknowledge being served with this Subpoena on the following date:

| **Sworn to and subscribed before me, this _____ day of _____, 20_____.** | **DATE OF SERVICE:** |
|---|---|
| Signature of: ☐ Notary Public _or_ ☐ Deputy Clerk  My Commission Expires: | **SIGNATURE OF WITNESS, OFFICER, ATTORNEY OR ATTORNEY'S DESIGNEE:** |

Service ID 405228

Exhibit A

[Revised 9/01/22]

COPY

**IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE**

DEPOSITORS INC. CO. OBO )
EVEN CONDOMINIUM ASSOC., INC. )
                                  )
          *Plaintiff*,            )
                                  )          No. 23C2812
     v.                           )
                                  )
KATHLEEN M. SCHLIEP, and          )
AIRBNB, INC.,                     )
                                  )
          *Defendants*.           )

---

**ANSWER**

---

COMES NOW, Defendant Kathleen M. Schliep, by and through undersigned counsel, and files this Answer to Plaintiff's Complaint.

The following paragraphs are intended to correspond to the paragraphs of the Second Amended Complaint filed October 11, 2023. The allegations are generally denied unless otherwise stated. As used herein, "Defendant" shall mean and refer to Kathleen M. Schliep.

1. Admitted upon information and belief.

2. Defendant is without sufficient information to admit or deny.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied.

7. Denied.

8. Admitted for jurisdictional purposes only. Any allegation regarding liability is denied.

1

9. Defendant is without sufficient information to admit or deny this allegation as the claims against the Defendant are ambiguous.

10. Defendant is without sufficient information to admit or deny.

11. Defendant is without sufficient information to admit or deny as this allegation.

12. Denied

13. Denied.

14. Defendant is without sufficient information to admit or deny.

15. Defendant is without sufficient information to admit or deny.

16. Defendant is without sufficient information to admit or deny.

17. Admitted that tenants generally have certain duties not to negligently or intentionally cause property damage. It is denied that Defendant negligently or intentionally caused property damage to the Subject Property.

18. Paragraph 18 and subparts (a) through (e) are denied.

19. Paragraphs 19 does not apply to Defendant. Any allegations against Defendant are denied.

20. Paragraph 20 does not apply to Defendant. Any allegations therein including the subparts are denied.

21. Denied.

22. Denied.

23. It is denied that Plaintiff is entitled to the relief it seeks.

### AFFIRMATIVE DEFENSES

NOW THEREFORE, having answered Plaintiff's Complaint, Defendant Schliep sets forth the following affirmative defenses.

2

COPY

1. Plaintiff's Complaint fails to state a claim for breach of contract. Defendant was not in privity of contract with the Plaintiff, nor does Plaintiff's Complaint allege the elements of the contract. Further, Plaintiff failed to attach any contract to aver to any contract as required by Tenn. R. Civ. P. 10.03.

2. Comparative fault. Airbnb, Inc. is equally or more at fault than Defendant.

3. Comparative fault. Margaret Mabury is equally or more at fault than Airbnb, Inc. or Defendant in that she has a duty to supply tenants with properly working appliances and rental properties that are up to code and safe for tenants. Margaret Mabury breached her duty of care to Defendant by failing to supply appliances in good and working order in that the stove in question was not safe for operation.

4. Comparative fault. The manufacturer of the stove in question, believed to LG (LG Electronics / LG Corp.), manufactured defective products. The stove in question was defective and subject to malfunction without user operation as it is known to turn itself on.

5. Airbnb, Inc. provides insurance against loss and indemnifies renters such as Defendant and is fully responsible for any alleged damages caused as alleged in this matter.

6. Defendant denies that she ever used the stove in question and denies all liability.

<div style="margin-left:auto;">

Respectfully submitted,

/s/Bennett J. Wills
Bennett J. Wills (#034831)
Boyd & Wills, PLLC
750 Old Hickory Blvd.
Bldg. 2, Ste. 150
Brentwood, TN 37027
615-861-1936
bennett@boydwills.com
*Counsel for Defendant Schliep*

</div>

3

EFILED  12/29/23 10:19 AM  CASE NO. 23C2812  Joseph P. Day, Clerk

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 29 day of December 2023, a copy of the foregoing Answer was served on the following via email/the court's electronic filing system or USPS postage prepaid mailing:

Russell Rutledge
5350 Poplar Ave.
Suite 306
Memphis, TN 38119

Airbnb, Inc.
Corp. Service Co.
251 Little Falls Dr.
Wilmington, DE 19808

                                      */s/Bennett J. Wills*
                                        Bennett J. Wills

| STATE OF TENNESSEE<br>DAVIDSON COUNTY<br>Circuit Court | **SUBPOENA**<br>☐ FOREIGN COURT SUBPOENA CASE #<br>☑ TESTIMONY/PRODUCTION REQUIRED (SEE NOTICE BELOW)<br>☐ MEDICAL RECORDS (SEE HIPAA REQUIREMENT BELOW) | **CIVIL ACTION**<br><br>**DOCKET NO.** 23C2812 |
|---|---|---|

| PLAINTIFF<br>DEPOSITORS INS. CO. O/B/O EVE CONDOMINIUM ASSOCIATION INC vs. | DEFENDANT<br>SCHLIEP, KATHLEEN M. |
|---|---|

TO: (NAME, ADDRESS & TELEPHONE NUMBER OF WITNESS)

Method of Service:

**Personal Service**

NASHVILLE FIRE DEPARTMENT
63 HERMITAGE AVE

NASHVILLE                    TN        37210

**You are hereby commanded to appear at the time, date and place specified for the purpose of giving testimony. In addition, if indicated, you are to bring the items listed. Failure to appear may result in contempt of Court which could result in punishment by fine and/or imprisonment as provided by law.**

| TIME | DATE | | ITEMS TO BRING: |
|---|---|---|---|
| 3:00 pm | 01/31/2024 | COURTROOM | Subpoena for records only. No appearance necessary. Records can be provided via email to: bennett@boydwills.com along with the provided affidavit of records custodian. Provide a copy of all reports, investigation records, and files, including photos, pertaining to a fire that occurred on April 22-23, 2022, at 700 First Ave. N., Unit 401, Nashville, TN 37201. Provide records related to corresponding units 201, 301. |
| **PLACE**<br><br>Boyd & Wills PLLC<br>750 Old Hickory Blvd.<br>Bldg. 2, Ste. 150<br>Brentwood, TN 37027 | | | |

This subpoena is being issued on behalf of

☐ PLAINTIFF          ☑ DEFENDANT

DATE ISSUED 01/02/2024

Attorney: (NAME, ADDRESS & TELEPHONE NUMBER)
BENNETT J WILLS
750 OLD HICKORY BLVD.
BLDG. 2, STE. 150
BRENTWOOD        TN    37027
(615) 861-1936

**JOSEPH P. DAY**
Circuit Court Clerk

BY: _O Zlott_

Authorized Signature /s/ BENNETT J WILLS

**DEPUTY CLERK**
♿ To request an ADA accommodation, please contact Trey Collier at 880-3309.

☑ Testimony/Production required.

**TESTIMONY/PRODUCTION NOTICE**

The failure to serve an objection to this Subpoena within twenty-one (21) days after the day of service of the Subpoena waives all objections to the Subpoena, except the right to seek the reasonable costs for producing books, papers, documents, electronically stored information, or tangible things.

☐ Medical Records Requested – HIPAA notice required.

**HIPAA NOTICE**

A copy of this Subpoena has been provided to counsel for the patient by mail or facsimile on so as to allow him/her twenty-one (21) days to:

(A) Serve the recipient of the Subpoena by facsimile with a written objection to the Subpoena, with a copy of the Notice by facsimile to the party that served the Subpoena, and

(B) Simultaneously file and serve a Motion for a Protective Order consistent with the requirements of T.R.C.P. 26.03, 26.07 and Local Rule §22.10.

If no objection is made within twenty-one (21) days of the above date, you shall process this Subpoena and produce the documents by the date and time specified in the Subpoena. The signature of counsel or party on the Subpoena is certification that the above Notice was provided to the patient.

[Revised 9/01/22]

# RETURN ON SERVICE

Check one: (*1 or 2 are for the return of an authorized officer or attorney; an attorney's return must be sworn to; 3 is for the witness who will acknowledge service and requires the witness' signature.*)

1. ☑ I certify that on the date indicated below, I served a copy of this Subpoena on the witness stated above by:

Personal service to NFD personnel, Jasmine Burchfield, at 9:49 AM.

2. ☐ I failed to serve a copy of this Subpoena on the witness because:

3. ☐ I acknowledge being served with this Subpoena on the following date:

| Sworn to and subscribed before me, this 4th day of January , 2024 . | DATE OF SERVICE: 1/3/2024 |
|---|---|
| Signature of: ☑ Notary Public or ☐ Deputy Clerk | SIGNATURE OF WITNESS, OFFICER, ATTORNEY OR ATTORNEY'S DESIGNEE: |
| My Commission Expires: March 9, 2027 (My Commission Expires) | Jerri A. Clark |

WILLIAM CAMERON CLARK
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY

┌──────────────────────┐
**Expedite**
214 2nd Ave N, suite 205
Nashville, TN 37201
615-852-6190
└──────────────────────┘

[Revised 9/01/22]

COPY



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

## AFFIDAVIT AND ENDORSEMENT

Case #: **23C2812**                                                                                     03/07/2024

Certified #: **9489009000276554602987**                              SOS Summons #: 14577315

RE: **DEPOSITORS INS. CO., O/B/O EVE CONDOMINIUM ASSOCIATION INC.,**

VS: **AIRBNB INC**

      I, <u>SETH STRACENER</u>, having been duly authorized by Tre Hargett, Secretary of State of Tennessee, do hereby make oath on his behalf and under authorization as follows:

      That on <u>12/07/2023</u>, I received from the plaintiff the original and certified copies of the process, notice or demand issued against <u>AIRBNB INC AKA/POE; CORPORATION SERVICE CO.</u>
whose address is: <u>251 LITTLE FALLS DRIVE, WILMINGTON, DE  19808</u>,
and that on <u>12/12/2023</u>, I mailed by registered or certified return-receipt mail the certified copies of the process, notice, or demand to the above address together with a written notice that service was made.

      I further make oath that the return receipt for the registered or certified letter was received at my office in Nashville, Tennessee, on <u>03/06/2024</u>, and returned to <u>DAVIDSON COUNTY - CIRCUIT COURT of NASHVILLE, TN</u> on <u>03/07/2024</u>.

*Tre Hargett*
Tre Hargett
Secretary of State

By: _____

Sworn to and subscribed before me this

<u>6th</u> day of <u>March</u>, 20 <u>24</u>

_____
Notary Public

My Commission Expires: <u>11-8-2027</u>

(Notary seal) TIFFANY WASHINGTON — STATE OF TENNESSEE NOTARY PUBLIC — DAVIDSON COUNTY

SS-4201(Rev. 9/15)                                                                                      RDA 1003

EFILED 03/12/24 12:36 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 400758

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

DEPOSITORS INS. CO. OBO EVE CONDOMINIUM
ASSOCIATION INC

CIVIL ACTION
DOCKET NO. 23C2812
Method of Service:
Secretary of State

Plaintiff

vs.

AIRBNB, INC.
CORPORATION SERVICE CO
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 12/04/2023

**JOSEPH P. DAY**
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

RUSSELL CURTIS RUTLEDGE
5350 POPLAR AVENUE
SUITE 306
MEMPHIS, TN 38119

## NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

COPY

JOSEPH P. DAY, CLERK

By: _C. Follett_      D.C.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

RECEIVED
STATE OF TENNESSEE

2023 DEC -7 AM 10: 28

THE HAN. FILL
SECRETARY OF STATE

09/01/2022

COPY

CIRCUIT COURT SUMMONS ·                                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 400758

DEPOSITORS INS. CO. OBO EVE CONDOMINIUM
ASSOCIATION INC

CIVIL ACTION
DOCKET NO. 23C2812
Method of Service:
  Secretary of State

Plaintiff

vs.

AIRBNB, INC.
CORPORATION SERVICE CO
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 23C2812 to the Defendant, AIRBNB, INC. . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON
_____ DAY OF _____, 20____.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

COPY

ALERT: SEVERE WEATHER CONDITIONS ACROSS THE U.S. MAY DELAY FINAL DELIVERY OF YOUR MAIL AND PACKAGES. READ MORE › (HTTPS://ABOUT.USPS.COM/NEWSROOM/SERVICE-ALERTS/)

# USPS Tracking®

**Track Packages Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More** (https://reg.usps.com/xsell?
app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Tracking Number:**

## 9489009000276554602987

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

Remove X

Feedback

**Latest Update**

Your item was picked up at a postal facility at 11:38 am on December 18, 2023 in WILMINGTON, DE 19808.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**

**Delivered, Individual Picked Up at Postal Facility**

WILMINGTON, DE 19808
December 18, 2023, 11:38 am

See All Tracking History

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

EFILED 03/12/24 12:36 PM CASE NO. 23C2812 Joseph P. Day, Clerk

COPY

EFILED 03/12/24 12:36 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

**Text & Email Updates** ⌄

**USPS Tracking Plus®** ⌄

**Product Information** ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

## IN THE CIRCUIT COURT OF TENNESEE
## AT NASHVILLE, DAVIDSON COUNTY

|  |  |
|---|---|
| DEPOSITORS INSURANCE COMPANY A/S/O EVE CONDOMINIUM ASSOCIATION, INC. | Case No. 23C2812 |
| Plaintiff, | |
| v. | |
| KATHLEEN M. SCHLIEP, and AIRBNB, INC., | |
| Defendants. | |

### DEFENDANT AIRBNB, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12.02(2) AND 12.02(6) OF THE TENNESSEE RULES OF CIVIL PROCEDURE

Defendant Airbnb, Inc. ("Airbnb"), by and through undersigned counsel, hereby submits its Motion to Dismiss (the "Motion"). For the reasons set forth below, the Court should dismiss Plaintiff's Complaint as to Airbnb for lack of personal jurisdiction and failure to state a claim.

### INTRODUCTION

Plaintiff Depositors Insurance Company A/S/O Eve Condominium Association, Inc. ("Plaintiff") brings this subrogation action standing in the shoes of its Insured, Eve Condominium Association, Inc. ("Eve Condo"). *See* Compl. ¶ 22. According to the Complaint, Eve Condo's real property located at 700 1st Avenue North, Unit 401, Nashville, TN 37201 (the "Property") incurred fire damage when co-defendant Ms. Schliep allegedly left the stove on. However, Plaintiff's claims against Airbnb cannot proceed for two reasons.

First, the Court should dismiss Plaintiff's claims against Airbnb for lack of personal jurisdiction. As Airbnb is an out-of-state defendant that simply operates an online marketplace that is accessible to anyone in the world with internet access, Plaintiff cannot establish that it is subject to either general or specific personal jurisdiction in Tennessee. Airbnb does not have continuous and systematic contacts with Tennessee for purposes of general personal jurisdiction. Nor can

Plaintiff demonstrate the required connections for specific personal jurisdiction. Thus, because Airbnb does not have the requisite minimum contacts with Tennessee, nor do Plaintiff's claims arise out of or relate to any such contacts with Tennessee, the Court should dismiss Plaintiff's Complaint as to Airbnb for lack of personal jurisdiction.

Second, even if the Court were to consider Plaintiff's Complaint, which it should only do if it determines that Airbnb is subject to personal jurisdiction in Tennessee, the Court should dismiss Plaintiff's Complaint for failing to state a claim against Airbnb. Plaintiff has failed to allege facts to support either a breach of contract or negligence claim against Airbnb, and no such facts exist. Accordingly, the Complaint must be dismissed.

## FACTUAL BACKGROUND

### I. THE AIRBNB ONLINE MARKETPLACE.

Airbnb is a corporation formed under the laws of Delaware with its principal place of business in San Francisco, California. *See* Declaration of Tabitha Lang ("Lang Decl.") ¶ 2.[1] Airbnb provides an online marketplace accessible through an internet connection anywhere in the world. *Id.* ¶ 3. The online marketplace allows individuals who wish to offer accommodations, known as "Hosts," to connect with those seeking to book accommodations, known as "Guests." *Id.* Hosts and Guests are collectively referred to as "Members." *Id.* A Guest who wants to book an accommodation can sign up and use Airbnb's marketplace to communicate directly with a property's Host to request a booking. *Id.*

Airbnb's role is limited to providing the online marketplace. *See id.* ¶ 6. In other words, Airbnb "facilitates the marketplace for property rentals and payment for bookings but is otherwise

---

[1] The Court may consider affidavits and other evidentiary materials outside the pleadings when deciding a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12.02(2). *See Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 643 (Tenn. 2009).

not involved in the interaction between a host and guest." *Selden v. Airbnb, Inc.*, 4 F.4th 148, 152 (D.C. Cir. 2021); Lang Decl. ¶ 5. It does not operate, own, control, or even have the right to access a property booked through the online marketplace. Lang Decl. ¶ 7. Rather, the Host decides whether, to whom, when, and on what terms to list the accommodations. Lang Decl. ¶ 4. Airbnb simply allows Hosts and Guests to connect with each other to transact, make payments, and communicate. *See Airbnb, Inc. v. Cty. & Cnty. of San Francisco*, 217 F. Supp. 3d 1066, 1069 (N.D. Cal. 2016) (noting that "Airbnb does not own, manage or operate any of the host properties, and is not a party to the rental agreements"); *Carroll v. Am. Empire Surplus Lines Ins. Co.*, 289 F. Supp. 3d 767, 772 (E.D. La. 2017) (same); *see also* Lang Decl. ¶ 3. Airbnb also is not responsible for the Guest's conduct. *Id.* ¶ 4.

## II. PLAINTIFF'S CONCLUSORY ALLEGATIONS STATE NO CLAIM AGAINST AIRBNB.

Plaintiff alleges that its claims are based on "negligence and breach of contract" and then asserts that Airbnb "had a duty to ensure that the Subject Property was not damaged by them and/or their agents/renters while renting the property" and that somehow Airbnb breached that duty. Compl. ¶¶ 7, 19–21. Plaintiff appears to attribute liability to Airbnb based on the conduct of Ms. Schliep, who "negligently [left] the rental unit while the stove was still on, causing a fire at Plaintiff's insured." *Id.* ¶ 7. Plaintiff's Complaint lacks any factual allegations to support its bare assertions of wrongdoing and, moreover, no such facts exist.

## ARGUMENT

## I. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST AIRBNB FOR LACK OF PERSONAL JURISDICTION.

The Court should dismiss Plaintiff's Complaint because Plaintiff has not satisfied, and cannot satisfy, its burden of establishing that personal jurisdiction over Airbnb exists in Tennessee. *See Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 643 (Tenn. 2009) (explaining that a

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

plaintiff has the burden of establishing prima facie case that personal jurisdiction over the defendant is proper). Tennessee law extends personal jurisdiction to the fullest extent permitted under the Fourteenth Amendment, meaning that Plaintiff must demonstrate that Airbnb is subject to either general personal jurisdiction or specific personal jurisdiction. *See id.* at 645; *see also Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). Courts may assert general jurisdiction over a corporation when its contacts with the forum are so continuous and systematic as to render it essentially "at home" in the forum state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Daimler AG*, 571 U.S. at 122; *cf. Gordon*, 300 S.W.3d at 642 (stating that a court may exercise general personal jurisdiction over an out-of-state defendant when the facts show that the defendant maintains continuous and systematic contacts with the forum state and those contacts give rise to the liabilities sued on). For specific personal jurisdiction, the inquiry focuses on whether Airbnb has the requisite minimum contacts with Tennessee. *See State v. NV Sumatra Tobacco Trading Co.*, 403 S.W.3d 726, 759-60 (Tenn. 2013) (articulating that assessing minimum contacts involves consideration of the quantity of the contacts, their nature and quality, and the relationship between the contacts and the lawsuit).

As demonstrated below, the Court does not have general or specific personal jurisdiction over Airbnb. Plaintiff's assertions that Airbnb "puts prospective hosts in touch with prospective lessors in the State of Tennessee" (Compl. ¶ 5) and "can be served with process" by the Tennessee Secretary of State (*id*. ¶ 4) fall well short of satisfying its burden here. Thus, the Court should dismiss Airbnb for lack of personal jurisdiction.

**A.  General Personal Jurisdiction Does Not Exist in Tennessee.**

As an out-of-state corporation, Airbnb is not subject to general personal jurisdiction in Tennessee. Foreign corporations like Airbnb are essentially "at home" in their state of

incorporation and state of their principal place of business. *See First Cmty. Bank, N.A. v. First Tenn. Bank*, 489 S.W.3d 369, 385 (Tenn. 2015); *Daimler AG*, 571 U.S. at 122. As a Delaware corporation with its principal place of business in California, Airbnb has no continuous and systematic contacts with Tennessee. Lang Decl. ¶ 2. *See Goodyear*, 564 U.S. at 919-20 (2011) (finding no general jurisdiction where connection between forum and foreign corporation was "so limited" that it was insufficient to establish continuous and systematic contacts); *Daimler AG*, 571 U.S. at 139 (finding no general jurisdiction where corporation was neither incorporated in California nor had principal place of business there); *Gordon*, 300 S.W.3d at 648 (finding no general jurisdiction where facts did not establish defendant's systematic and continuous contacts with Tennessee); *Canaday v. Anthem Cos.*, 9 F.4th 392, 396-97 (6th Cir. 2021) ("Anthem is based in Indiana, not Tennessee. General jurisdiction is not an option."). Accordingly, Airbnb is not subject to general personal jurisdiction in Tennessee.

**B.    Specific Personal Jurisdiction Does Not Exist in Tennessee.**

Airbnb also is not subject to specific personal jurisdiction in Tennessee. To establish specific personal jurisdiction, two elements must be satisfied: (1) Airbnb must have purposefully directed its activities at Tennessee, *and* (2) Plaintiff's claims must arise out of and relate to those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Davis Kidd Booksellers, Inc. v. Day-Implex, Ltd.*, 832 S.W.2d 572, 575 (Tenn. Ct. App. 1992); *Gordon*, 300 S.W.3d at 647.[2] As demonstrated below, Airbnb has not purposefully directed any contact at

---

[2] Even if these two elements existed, which they do not, the Court must also consider whether exercising personal jurisdiction over Airbnb offends traditional notions of fair play and substantial justice. *See Davis Kidd,* 832 S.W.2d at 575 (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Because Airbnb did not purposefully direct any conduct at Tennessee and Plaintiff's claims do not arise out of any contact with Tennessee, subjecting Airbnb to personal jurisdiction in Tennessee would offend traditional notions of fair play and substantial justice. *See Davis Kidd,*

- 5 -

Tennessee. Moreover, Plaintiff's claims, stemming from fire damage at a property allegedly caused by Ms. Schliep, certainly do not arise out of or relate to any of Airbnb's contacts with Tennessee. Thus, Airbnb is not subject to specific personal jurisdiction in Tennessee.

### 1. Airbnb Did Not Purposefully Direct Any Conduct at Tennessee.

To establish that Airbnb purposefully directed its conduct at Tennessee, Plaintiff must prove that Airbnb deliberately targeted Tennessee. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998) (stating that the "purposeful availment" element is satisfied when the defendant's contacts with the forum state "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State"); *Burger King*, 471 U.S. 473 (stating that "in order for a nonresident defendant's contacts with the forum state to be sufficient to give rise to personal jurisdiction there, those contacts must arise out of the defendant's own purposeful, deliberate actions directed toward the forum state."). Plaintiff's or a third party's (*i.e.*, Ms. Mabury's) unilateral contact with Airbnb is not enough. *See Exel Transp. Servs. v. Inter-Ego Sys.*, 2008 Tenn. App. LEXIS 735, at *21 (Tenn. Ct. App. Dec. 18, 2008) (noting that the plaintiff's unilateral action, which creates a relationship with the nonresident defendant, "cannot satisfy the requirement of contact with the forum State") (citation omitted); *First Cmty. Bank*, 489 S.W.3d at 393 ("[the] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.") (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (alteration in original)); *see also Davis Kidd,* 832 S.W.2d at 575-76 (finding that defendants had not purposefully directed their activities towards Tennessee and, therefore, had no

---

832 S.W.2d at 577; *see also Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 455 F. Supp. 3d 558, 570 (M.D. Tenn. 2020).

contacts in Tennessee); *NV Sumatra*, 403 S.W.3d at 752 (concluding that defendant's act of placing cigarettes in stream of commerce and its awareness after the fact that its cigarettes were being sold in Tennessee did not constitute purposeful availment of the Tennessee market). Likewise, a nonresident defendant's random, isolated, fortuitous, or attenuated contacts with the forum fail to establish purposeful direction. *First Cmty. Bank*, 489 S.W.3d at 393; *Burger King*, 471 U.S. at 475.

Here, Plaintiff does not allege, nor could it, that Airbnb purposefully directed any contact towards Tennessee. Airbnb simply provides a global online marketplace that is accessible to anyone, anywhere with internet access. Lang Decl. ¶¶ 3, 6, **Ex. A** at 1 & § 16. Airbnb's website is not specifically targeted to Tennessee residents. *See id.* Further, the mere fact that Airbnb operates a commercial website that is generally accessible anywhere in the world is insufficient to establish purposeful direction with Tennessee. *See Richardson v. Bates Show Sales Staff, Inc.*, 2103 Tenn. App. LEXIS 167, at *17 (Tenn. Ct. App. March 6, 2013) (acknowledging that courts in the Sixth Circuit have held that the maintenance of a website, in and of itself, does not constitute purposeful availment); *see also Bailey v. Turbine Design, Inc.*, 86 F. Supp. 2d 790, 795 (W.D. Tenn. 2000) (declining to exercise personal jurisdiction over passive website that "is available to anyone anywhere with access to the Internet" and defendants did not make any effort to reach out to Tennessee residents "any more than to persons residing elsewhere").

In *EnhanceWorks, Inc. v. Dropbox, Inc.*, the Tennessee Court of Appeals affirmed the lower court's decision granting Dropbox's motion to dismiss for lack of personal jurisdiction. 2019 Tenn. App. LEXIS 129, at *33 (Tenn. Ct. App. March 14, 2019). The plaintiff there was a resident of Tennessee who brought various claims against Dropbox—a Delaware corporation with its principal place of business in San Francisco, California—related to a mobile app solution he

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

developed and launched. *EnhanceWorks, Inc.*, 2019 Tenn. App. LEXIS 129, at *2. The plaintiff accused Dropbox of accessing his website and copying his material to create its website. *Id*. at *31. The plaintiff did not allege that Dropbox purposefully directed its activities towards Tennessee, or that Dropbox knew that the Plaintiff's website was connected to Tennessee. *Id*. at *32. The Court found that even taking Plaintiff's allegations as true, Dropbox's contacts with Tennessee were not sufficiently meaningful such that it should reasonably anticipate being haled into court in Tennessee. *Id*. at *19. The Court also found that it was not enough for the plaintiff to allege that the effects of the allegedly fraudulent behavior was suffered by a Tennessee resident. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id*. (citing *Walden v. Fiore*, 571 U.S. 277, 290 (2014)). The Court also considered the question of personal jurisdiction in the age of the Internet and agreed with the standard adopted by the Fourth Circuit for specific personal jurisdiction: "specific jurisdiction in the Internet context may be based only on an out-of-state person's Internet activity directed at [the forum state] and causing injury that gives rise to a potential claim cognizable in [the forum state].'" *EnhanceWorks, Inc.*, 2019 Tenn. App. LEXIS 129, at *23-24 (quoting *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002) (second and third alteration in original)). Accordingly, the *EnhanceWorks* Court concluded that for a defendant's Internet contacts to be sufficiently meaningful, they must be more than "passive Internet activity" such that the defendant directs electronic activity into Tennessee "with the manifested intent of engaging in business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in [Tennessee]." *Id*. at *26 (citing *ALS Scan*, 293 F.3d at 714).

COPY

Here, the only factual allegations set forth in the Complaint tying Airbnb to Tennessee are that the Property is located in Tennessee and the Host, a Tennessee resident, used the Airbnb online marketplace to list the Property. *See* Compl. ¶¶ 1, 10-11. The mere fact that someone used the online marketplace to list a property in Tennessee is not enough to establish purposeful contacts *by Airbnb* with Tennessee. *See Bailey*, 86 F. Supp. 2d at 795 (explaining that placing a product into the stream of commerce may be felt nationwide or even worldwide but, without more, is not an act purposefully directed toward the forum state); *see also Brown v. Geha-Werke GmbH*, 69 F. Supp. 2d. 770, 778 (D.S.C. 1999) (burden of proof not carried where plaintiff failed to show that defendant engaged in additional conduct other than placing product in stream of commerce via the internet). The plaintiff or a third party cannot be the only link between the defendant and the forum. *Walden*, 571 U.S. at 285. Moreover, the focus is on the defendant's contacts with the forum state rather than its contacts with individuals who reside there. *Id*. As such, the fact that Plaintiff or Plaintiff's Insured allegedly incurred damage as a result of a fire occurring at the subject Property in Tennessee—booked through Airbnb's website—is not sufficient to show that *Airbnb* directed any activities towards Tennessee.

Courts in other jurisdictions have found specific jurisdiction to be lacking on facts similar to those here. For example, a court in New York recently held that Airbnb's operation of an online marketplace is insufficient to subject Airbnb to specific personal jurisdiction in the state. *See Foster v. Volkov et al.*, Index No. EF006810-2022, Order at 12-15 (N.Y. Sup. Ct. June 15, 2023).[3] In granting Airbnb's motion to dismiss, *Foster* held that Airbnb's "website does not rise to the level of an interactive website" and could not be the basis for specific jurisdiction in a personal injury matter. Order at 12-14. As the *Foster* Court explained: "Allowing the Plaintiff to interpret

---

[3] The *Foster* decision is attached as **Exhibit 1**.

- 9 -

COPY

the meaning of 'transacting business' to include [] Defendant AIRBNB's provision of a platform for rental advertisement would cause an expansion of AIRBNB's personal jurisdiction to any state for merely operating their website without a showing or evidence of commercial activity in that state." *Foster* Order at 13.

Similarly, in *Conrad v. Benson*, 2020 U.S. Dist. LEXIS 149427, at *10-12 (D.S.C. Aug. 13, 2020), the Court found that it lacked personal jurisdiction over HomeAway.com, Inc., a Texas-based reservation website, that, like Airbnb, allows third-party hosts to list their properties for rental by third party guests.[4] The *Conrad* Court explained that it was not enough that the website was accessible to people in the forum or that the host and guest had used the website to rent and book a property in the forum because HomeAway.com had not done anything to target the forum and did not itself lease properties in the forum. *Id.*

Courts in California and Maine have reached the same conclusion. In *Schwartz v. Poblete*, 2021 Cal. Super. LEXIS 5573, at *24-25 (L.A. Cnty. Super. Ct., Feb. 22, 2021), like in *Conrad*, the Court held that HomeAway.com's "mere maintenance of the website advertising the third-party property rentals is insufficient to establish personal jurisdiction" in California.[5] *Schwartz*, 2021 Cal. Super. LEXIS 5573, at *25. And in *Roback v. Jowett*, the Maine Superior Court held that HomeAway.com was not subject to specific personal jurisdiction in Maine because HomeAway.com's website "does not target Maine residents" even though the individual defendants used the website to list their Maine property for rental. 2022 Me. Super. LEXIS 147, at *7 (Cumberland Cnty. Super. Ct. Dec. 9, 2022). The *Roback* Court also found that any

---

[4] The *Conrad* decision is attached as **Exhibit 2**.
[5] The *Schwartz* decision is attached as **Exhibit 3**.

- 10 -

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

interaction the plaintiff had with the website in Maine was insufficient to demonstrate the requisite minimum contacts with the forum. *See id.* at *7-8.

Thus, this Court should follow *Foster*, *Conrad*, *Schwartz*, and *Roback* and dismiss the complaint for lack of personal jurisdiction. Airbnb is not purposefully targeting Tennessee simply because people can use the website in Tennessee. *See Bailey*, 86 F. Supp. 2d at 796 ("To find that personal jurisdiction exists on the facts in this case would be to subscribe to the notion that anyone who posted information on the Internet is subject to nationwide jurisdiction, a leap this court is not prepared to make.").

### 2. Plaintiff's Claims Do Not Arise Out of or Relate to Airbnb's Contacts With Tennessee.

Even if Plaintiff could establish that Airbnb purposefully directed its conduct at Tennessee (which it cannot), Plaintiff's claims—relating to fire damage allegedly caused by the co-defendant—do not arise out of or relate to Airbnb's contacts with Tennessee. In order for the court to exercise specific jurisdiction over a defendant, the defendant must have purposefully directed his activities at Tennessee residents, and the litigation must result from alleged injuries that arise out of or relate to those forum activities. *See Helicopteros Nacionales de Colombia*, 466 U.S. at 414; *Willock v. Hilton Domestic Operating Co.*, 474 F. Supp. 3d 938, 949 (M.D. Tenn. 2020) ("A defendant's purposeful availment of a forum . . . provides no basis for exercising personal jurisdiction if there is not a sufficient link between the purposeful availment and the underlying lawsuit."). Because Airbnb is a provider of a globally accessible internet marketplace and does not control the activities of either the Hosts or Guests who use the online marketplace, any contacts that Airbnb may have had with Tennessee have no connection to the claims asserted here. *See, e.g., Ruddy v. Wilmot Mt., Inc.*, 2011 U.S. Dist. LEXIS 90279, at *10-11 (N.D. Ill. Aug. 12, 2011) (finding no specific jurisdiction where plaintiff's injuries arose not from defendant's ownership

- 11 -

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

and operation of website that was accessible in forum state, but rather from plaintiff's presence at ski resort in different state).

Here, the mere fact that alleged damage to the property occurred in Tennessee, without more, is insufficient to establish that Plaintiff's claims arise out of or relate to *Airbnb's* contact with Tennessee. *See Bailey*, 86 F. Supp. 2d at 797 (declining to exercise personal jurisdiction over defendants based on the fact that some of the harm caused by the alleged tortious conduct occurred in Tennessee); *Davis Kidd,* 832 S.W.2d at 576 (finding no personal jurisdiction where plaintiffs were Tennessee residents and the property damage occurred in Tennessee because there was no evidence that defendants targeted Tennessee).

Under similar circumstances, an Idaho court recently found that plaintiffs' claims did not arise from Airbnb's contacts with the forum and granted Airbnb's motion to dismiss for lack of personal jurisdiction. *See* Aug. 18, 2023 Order, *Bendon v. Shooting Star Lodge Island Park, LLC*, Case No. CV23-22-0566, Third Judicial District for the State of Idaho.[6] In granting Airbnb's motion to dismiss, the Court found that the plaintiff's alleged injury at an Idaho property booked through Airbnb's online marketplace did not arise out of the plaintiff's transaction with Airbnb. *Id.* at 10. In reaching this conclusion, the Court explained that any connection between the plaintiff's injury at the premises was too tangentially related to any of Airbnb's business contacts with the state to justify personal jurisdiction. *Id.* at 9-10 (holding that "the injury was only tangentially related to [p]laintiff's transaction with Airbnb and did not 'arise' from the transaction itself."). Based on the foregoing, the Court should dismiss Plaintiff's claims for lack of specific personal jurisdiction pursuant to Tenn. R. Civ. P. 12.02(2).

---

[6] The *Bendon* decision is attached as **Exhibit 4**.

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

### III. ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION AGAINST AIRBNB[7]

Even if the Court were to find that personal jurisdiction exists (and it does not), the Court should dismiss Plaintiff's Complaint for failure to state a claim under Tenn. R. Civ. P. 12.02(6). To survive a motion to dismiss, "'[t]he facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level.'" *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 427 (Tenn. 2011) (quoting *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 104 (Tenn. 2010)). Legal arguments or legal conclusions couched as facts are not taken as true. *Id.*; *see also Moore-Pennoyer v. State*, 515 S.W.3d 271, 276 (Tenn. 2017). For the reasons stated below, Plaintiff's claims against Airbnb fail as a matter of law.

#### A. The Court Should Dismiss Plaintiff's Claims for Breach of Contract and Negligence.

Plaintiff confusingly purports to assert a negligence claim and breach of contract claim against Airbnb, although only recites the elements of a negligence claim. *See, e.g.*, Compl. ¶¶ 7, 19-21.

To maintain a breach of contract claim, Plaintiff must allege: (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach. *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct.

---

[7] In contending that the Court should dismiss the Complaint against it pursuant to Rule 12.02(6), Airbnb relies *exclusively* on the allegations set forth in the Complaint, not the Lang Declaration or any other extrinsic evidence that the Court could consider on this 12.02(6) motion only by converting it into a motion for summary judgment. *See Finchum v. Ace, USA*, 156 S.W.3d 536, 538 (Tenn. Ct. App. 2004) (holding that, if courts consider extrinsic evidence outside the pleadings on a Rule 12.02(6) motion, it "'shall be treated as one for summary judgment and disposed of as provided in Rule 56'" (quoting Tenn. R. Civ. P. 12.02)).

App. 2005). Plaintiff has not pled facts related to at least two of these essential elements: it has not identified a contract that exists between Airbnb and Eve Condo and it has not explained how Airbnb breached any alleged contract. Accordingly, Plaintiff has not asserted a viable breach of contract claim.

Regarding its negligence claim, this claim also fails because Plaintiff does not and cannot allege facts establishing that Airbnb owed it any duty of care under the circumstances. To succeed on a negligence claim, a plaintiff must prove that the defendant had a duty and breached it, causing the plaintiff injury. *Benson v. H.G. Hill Stores, Inc*., 699 S.W.2d 560, 562 (Tenn. App. 1985). A duty of care is a fundamental element to any negligence claim—regardless of theory. *See, e.g.*, *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 206 (Tenn. 2012); *Seavers v. Methodist Med. Ctr.*, 9 S.W.3d 86, 94 n.13 (Tenn. 1999). Without duty, there can be no liability for negligence. *See Shaw v. Metro. Gov't of Nashville & Davidson Cnty*., 596 S.W.3d 726, 735 (Tenn. Ct. App. 2019). And it is well settled that the *existence* of a duty of care is a question of law appropriate for resolution on a Rule 12.02(6) motion to dismiss for failure to state a claim. *See Cullum v. McCool*, 432 S.W.3d 829, 833 (Tenn. 2013) (holding that the existence of a duty of care "is a question of law"); *Concklin v. Holland*, 138 S.W.3d 215, 221 (Tenn. Ct. App. 2003) (affirming dismissal pursuant to Rule 12.02(6) of negligence cause of action for premises liability where "the complaint contain[ed] no allegations of actual control as required under Tennessee law" or other "assertion of actual control").

Here, Plaintiff alleges that Airbnb had a duty to ensure that Ms. Schliep did not damage the property. *See* Compl. ¶ 7. However, Plaintiff fails to plead any facts that would support finding that such a duty exists. First, the Complaint does not directly allege that Airbnb had actual control of the Property, and none of the facts set forth in the Complaint support that inference in any

COPY

fashion. *See Concklin*, 138 S.W.3d at 221 (in affirming dismissal, noting that the plaintiffs' complaint "did not prove the prima facie element of duty as is required for any negligence action"); *see also* Order Granting Motion to Dismiss, *King v. Pleasant 30 LLC et al.*, No. 514353/2021, at 3 (N.Y. Super. Ct. Oct. 17, 2022) (granting Airbnb's motion to dismiss because "AIRBNB did not own operate manage, control maintain or supervise the property in question where the accident allegedly occurred" and so "owed no duty to the plaintiff").[8]

Second, as a general matter, "the law generally does not impose on individuals an affirmative duty to aid or protect others." *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 819 (Tenn. 2008). Tennessee courts, like courts in other states, recognize a narrow exception to this rule only if a "special relationship" exists between parties. *See id.* at 820. Examples of a special relationship include "innkeeper and guest, common carrier and passenger, possessors of land and guests, social host and guest, and those who have custody over another." *Id.*

In addition to failing to allege Airbnb's actual control of the Property, Plaintiff does not allege (nor can it) that there was a special relationship between Airbnb and (i) Plaintiff, (ii) the Host, Ms. Mabury, or (iii) Ms. Schliep. The fact that Ms. Mabury may have used the online marketplace to list the Property and Ms. Schliep may have used the online marketplace to book the Property are insufficient to support the existence of a special relationship or a finding that Airbnb owed Eve Condo a legal duty. *See Dyroff v. Ultimate Software Grp., Inc.*, 2017 U.S. Dist. LEXIS 194524, at *36–39 (N.D. Cal. Nov. 26, 2017) (holding that the defendant website provider had no special relationship with its users and did not owe its users any duty of care); *Doe No. 14*

---

[8] The *King* decision is attached as **Exhibit 5**. Pursuant to Local Rule 26.04(b), all unreported decisions from Tennessee and decisions from courts of other states or federal jurisdictions not previously identified as Exhibits 1 through 5 have been consolidated into one PDF file and are attached to this Motion as **Exhibit 6**.

COPY

*v. Internet Brands, Inc.*, 2016 U.S. Dist. LEXIS 192144, at *13 (C.D. Cal. Nov. 14, 2016) (same); *Beckman v. Match.com, Match.com, LLC*, 2017 U.S. Dist. LEXIS 35562, at *8 (D. Nev. Mar. 10, 2017) (same). Plaintiff therefore fails to state a claim against Airbnb based on any alleged failure to protect Plaintiff's Insured from Defendant Schliep's actions related to the Property. Accordingly, Plaintiff's negligence claim must be dismissed.

Plaintiff's negligence claim against Airbnb also fails because its Insured's injuries were not reasonably foreseeable to Airbnb. *See Rice v. Sabir*, 979 S.W.2d 305, 309 (Tenn. 1998) (emphasizing that "[f]oreseeability is the test of negligence"). Airbnb operates an online marketplace—nothing more. *See* Lang Decl. ¶ 6. Plaintiff asserts that it has "a claim of negligence and breach of contract against the Defendant Airbnb, Inc. as the result of its renter, Kathleen Schliep, negligently leaving the rental unit while the stove was still on, causing a fire at Plaintiff's insured . . . ." Compl. ¶ 7. However, nowhere in the Complaint does Plaintiff allege (nor can it allege) that a guest's alleged negligence in leaving the stove on was reasonably foreseeable to Airbnb. Nor can Plaintiff allege that it was reasonably foreseeable that its Insured would incur property damage as a result of a fire that was caused by a guest's negligence. *Rice*, 979 S.W.2d at 309 ("If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise … ."). Rather, Plaintiff relies entirely on conclusory statements that Airbnb is somehow "negligent" because Defendant Schliep was negligent. Compl. ¶¶ 6–7, 11–12. These blanket assertions, without any basis in fact, are the type of bare legal conclusions that will not survive a motion to dismiss, even under Tennessee's notice-pleading regime. *See, e.g., Crouch Ry. Consulting*, *LLC v. LS Energy Fabrication, LLC*, 610 S.W.3d 460, 470 (Tenn. 2020) (noting the court "is not obligated to accept as true allegations that are . . . conclusory"); *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006) (same).

COPY

Because Plaintiff fails to allege any facts to support a finding that Airbnb owed a duty to Plaintiff's Insured related to the Property, the inquiry should end here, and Plaintiff's claims against Airbnb should be dismissed.

**B.  Dismissal Should be With Prejudice Because Amendment is Futile.**

The Court should dismiss Plaintiff's Complaint as to Airbnb with prejudice because amendment is futile. *See Robinson v. City of Clarksville*, 673 S.W.3d 556, 578 (Tenn. Ct. App. 2023) (stating that courts are not required to grant a motion to amend if the amendment would be futile and affirming dismissal of plaintiffs' claims). Amendment is futile "if it would prolong litigation but not produce a different result." *O'Neal v. Goins*, 2016 Tenn. App. LEXIS 549, at *20 (Tenn. Ct. App. July 29, 2016). Amendment here would be futile because Plaintiff cannot allege facts to establish the necessary elements of either a negligence or breach of contract claim. Thus, the Court should dismiss this Complaint with prejudice.

## <u>CONCLUSION</u>

Based on the foregoing, the Court must dismiss Plaintiff's claims against Airbnb. First, the Court should dismiss its claims against Airbnb pursuant to Tenn. R. Civ. P. 12.02(2) because Plaintiff cannot establish that Airbnb is subject to personal jurisdiction in Tennessee. Second, even if Airbnb were subject to personal jurisdiction, Plaintiff's claims against Airbnb should be dismissed pursuant to Tenn. R. Civ. P. 12.02(6) because Plaintiff's wholly conclusory assertions of wrongdoing cannot and do not state any claims against Airbnb, and no facts establishing liability exist. Accordingly, Airbnb respectfully requests that the Court dismiss Plaintiff's Complaint as to Airbnb, and grant all other relief deemed fair and equitable.

Dated: April 29, 2024

Respectfully submitted,

By: /s/ Joseph Alan Jackson II

Joseph Alan Jackson II, BPR No. 030203
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
601 Market Street, Ste. 400
Chattanooga, TN 37402
Telephone: (423) 757-0404
Email: jaj@smrw.com

*Attorneys for Defendant Airbnb, Inc.*

COPY

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 29th day of April, 2024, service of the foregoing **DEFENDANT AIRBNB, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12.02(2) and 12.02(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** was effected by electronic filing on the following:

Russell C. Rutledge, Esq.
LAW OFFICE OF CRAIG J. LAZAROV
5350 Poplar Avenue, Suite 306
Memphis, TN 38119
(901) 620-2967
RUTLER1@nationwide.com

*Attorney for Plaintiff*

Bennett James Wills, Esq.
BOYD & WILLS, PLLC
750 Old Hickory Boulevard.
Building 2, Suite 150
Brentwood, TN 37027
bennett@boydwills.com

*Attorney for Defendant Kathleen M. Schliep*

By:   /s/ Joseph Alan Jackson II

COPY

IN THE CIRCUIT COURT OF TENNESEE
AT NASHVILLE, DAVIDSON COUNTY

DEPOSITORS INSURANCE COMPANY          Case No. 23C2812
A/S/O EVE CONDOMINIUM
ASSOCIATION, INC.

                Plaintiff,

    v.

KATHLEEN M. SCHLIEP, and AIRBNB,
INC.,
                Defendants.

## DECLARATION OF TABITHA LANG IN SUPPORT OF DEFENDANT AIRBNB, INC.'S MOTION TO DISMISS

I, TABITHA LANG, hereby declare as follows:

1.      I am over the age of 18 and am not a party to this litigation. I am currently employed by Airbnb, Inc. ("Airbnb") as a Legal Investigations Associate. As an Airbnb Legal Investigations Associate, I work with, and am familiar with, the Airbnb online marketplace and website pages maintained by Airbnb including, but not limited to, the pages that display Airbnb's account sign-up screens and the subsequent events that require user assent or consent ("Consent Events") on both computer and mobile devices. I am also familiar with the manner in which Airbnb maintains its records in the ordinary course of its business, as well as the manner in which Airbnb regularly maintains records pertaining to bookings made through the Airbnb online marketplace. I have personal knowledge of the facts set forth below except those facts set forth upon information and belief. As to those facts, I believe them to be true. If called as a witness, I could and would testify competently to the facts herein. I am authorized to provide this Declaration on behalf of Airbnb, and I submit this Declaration in support of Airbnb's Motion to Dismiss.

### *The Airbnb Online Marketplace*

2.      Airbnb is a Delaware corporation with its principal place of business in San Francisco, California.

3.      Airbnb operates and provides an online marketplace that is accessible anywhere in the world with an internet connection. *See* Airbnb's Terms of Service, attached hereto as **Exhibit A** at 1. Airbnb's online marketplace is not targeted to any particular state or country via direct marketing or otherwise, including Tennessee. Rather, the online marketplace is available domestically and internationally and simply provides an opportunity for individuals who wish to offer accommodations, known as "Hosts," to connect with those seeking to book accommodations, known as "Guests." *See id.* 1–2. In the Terms of Service, Hosts and Guests are collectively referred to as "Members." *Id.* at 1. A Guest who wants to book an accommodation can sign up and use Airbnb's marketplace to communicate directly with a property's Host to request a booking.

4.      Hosts are responsible for listing their accommodations on the online marketplace, which includes any content, photographs, or descriptions they choose to post about their accommodation. *See id.* §§ 6.1, 6.4. Hosts alone decide whether, to whom, when, and on what material terms they will offer their accommodations. *See id.* at 1–2 & §§ 5.1–5.3, 6.1, 6.2, 6.4–6.6, 7.2, 8.1. Each Host operates as an "independent" person or entity and not as an "an employee, agent, joint venturer, or partner of Airbnb." *See id.* at 2 § 5.3. Likewise, Guests are responsible and liable for their own acts and omissions. *See id.* § 4.1.

5.      Agreements for bookings are entered into directly between Hosts and Guests. *See id.* at 2. Airbnb is not a party to the booking transactions or any agreements between Hosts and Guests. *See id.* at 2 & §§ 2.2, 5.2. Nor does Airbnb collect or remit any payments directly to its

- 2 -

Members; rather, Airbnb Payments, Inc.—a distinct entity—is responsible for all payment-related services. *See id.*

6. Airbnb's role is limited to offering the online marketplace, which "enables Members to publish, offer, search for, and book Host Services." *See id.* § 16. Airbnb "do[es] not and cannot control the conduct of Guests and Hosts," nor does Airbnb have any obligation to monitor or verify information provided by its Members. *See id.*

7. In addition, Airbnb does not own, control or have the right to access the accommodations that Hosts list on the online marketplace. *See id.* at 2. Nor does Airbnb operate, manage, or otherwise have or grant any interest in accommodations that Hosts list on the online marketplace. *See id.* The Terms of Service also disclaim any liability for the accommodations listed on the online marketplace, stating that Airbnb "do[es] not endorse or warrant the existence, conduct, performance, safety, quality, legality or suitability of any Guest, Host, Host Service, Listing or third party." *See id.* § 18.

8. At all times relevant to this litigation, Airbnb users, including the Host Ms. Mabury, were required to agree to the then-current Terms of Service (among other agreements) before they could create an Airbnb account, list or book an accommodation via the Airbnb online marketplace, or send messages via the Airbnb online marketplace. The Terms of Service is the only agreement entered into between Airbnb and its Members, including Guests like Defendant Kathleen Schliep or Hosts like Margaret Mabury, and governs each Member's use of the Airbnb website along with the associated services. *See* **Exh. A** at 1 & § 17. The Terms of Service is clear that Airbnb does not act as an agent for any Member and is in no way an employer, partner, joint venturer, or business affiliate of any Host who lists their accommodation on the online marketplace. *See id.* at 1 & §§ 5.3, 16–18.

- 3 -

COPY

9.      In addition, Airbnb's current Terms of Service are available by hyperlink on Airbnb's homepage, www.airbnb.com, and directly at www.airbnb.com/terms. The current Terms of Service are publicly available—no Airbnb account is required to access them.

***Ms. Mabury Listed, and Defendant Schliep Booked, the Property Through the Airbnb Online Marketplace***

10.      According to Airbnb's records, on April 6, 2022, I am informed and believe that Ms. Schliep used what I believe to be her Airbnb account to make reservation number HMQC48ZNJJ for the Property that is identified in Airbnb's business records as being located at 700 1st Avenue North, Apartment 401, Nashville, TN 37201, and was listed by Maggie Mabury. Ms. Schliep's reservation was from April 21, 2022 to April 24, 2022, which was canceled on April 23, 2022.


I declare under penalty of perjury under the laws of the state of Tennessee that the foregoing is true and correct. Executed this __25__ day of April 2024, at Salt Lake City, Utah, United States of America.

BY: _____

TABITHA LANG

COPY

# EXHIBIT A

COPY

Log in or sign up

Legal terms

# Terms of Service

> ⊕ If your country of residence or establishment is within the European Economic Area ("**EEA**"), Switzerland or the United Kingdom, the **Terms of Service for European Users** apply to you.
>
> If your country of residence or establishment is outside of the EEA, Switzerland, and the United Kingdom, the **Terms of Service for Non-European Users** apply to you.

## Terms of Service for Non-European Users

**Section 23 of these Terms contains an arbitration agreement and class action waiver that apply to all claims brought against Airbnb in the United States. Please read them carefully.**

Last Updated: January 25, 2023

Thank you for using Airbnb!

These Terms of Service ("**Terms**") are a binding legal agreement between you and Airbnb that govern your right to use the websites, applications, and other offerings from Airbnb (collectively, the "**Airbnb Platform**"). When used in these Terms, "**Airbnb**," "**we**," "**us**," or "**our**" refers to the Airbnb entity set out on **Schedule 1** with whom you are contracting.

The Airbnb Platform offers an online venue that enables users ("**Members**") to publish, offer, search for, and book services. Members who publish and offer services are "**Hosts**" and Members who search for, book, or use services are "**Guests**." Hosts offer accommodations ("**Accommodations**"), activities, excursions, and events ("**Experiences**"), and a variety of travel and other services (collectively, "**Host Services**,"

EFILED  04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

and each Host Service offering, a "**Listing**"). You must register an account to access and use many features of the Airbnb Platform, and must keep your account information accurate. As the provider of the Airbnb Platform, Airbnb does not own, control, offer or manage any Listings or Host Services. Airbnb is not a party to the contracts entered into directly between Hosts and Guests, nor is Airbnb a real estate broker, travel agency, or insurer. Airbnb is not acting as an agent in any capacity for any Member, except as specified in the **Payments Terms of Service** ("**Payment Terms**"). To learn more about Airbnb's role see Section 16.

We maintain other **terms** and **policies** that supplement these Terms like our **Privacy Policy**, which describes our collection and use of personal data, and our **Payments Terms**, which govern any payment services provided to Members by the Airbnb payment entities (collectively "**Airbnb Payments**").

If you are a Host, you are responsible for understanding and complying with all laws, rules, regulations and contracts with third parties that apply to your Host Services.

## Table of Contents

**Guest Terms**

1. Our Mission.

2. Searching and Booking on Airbnb.

3. Cancellations, Travel Issues, Refunds and Booking Modifications.

4. Your Responsibilities and Assumption of Risk.

**Host Terms**

5. Hosting on Airbnb.

6. Managing Your Listing.

7. Cancellations, Travel Issues, and Booking Modifications.

8. Taxes.

**General Terms**

9. Reviews.

10. Content.

**11. Fees.**

**12. Airbnb Platform Rules.**

**13. Termination, Suspension and other Measures.**

**14. Modification.**

**15. Resolving Complaints and Damage Claims.**

**16. Airbnb's Role.**

**17. Member Accounts.**

**18. Disclaimer of Warranties.**

**19. Limitations on Liability.**

**20. Indemnification.**

**21. Contracting Entities.**

**22. United States Governing Law and Venue.**

**23. United States Dispute Resolution and Arbitration Agreement.**

**24. China Governing Law and Dispute Resolution.**

**25. Brazil Governing Law and Venue.**

**26. Rest of World Dispute Resolution, Venue and Forum, and Governing Law.**

**27. Miscellaneous.**

**Schedule 1 - Contracting Entities**

## Guest Terms

**1. Our Mission**.

Our mission is to create a world where you can belong anywhere. From cabins to castles to cooking classes, browse through millions of Listings to find the ones that fit the way you like to travel. Learn more about a Listing by reviewing the description and photos, the Host profile, and Guest reviews. If you have questions, just message the Host.

**2. Searching and Booking on Airbnb**.

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

**2.1 Searching**. You can search for Host Services by using criteria like the type of Host Service, travel destination, travel dates, and number of guests. You can also use filters to refine your search results. Search results are based on their relevance to your search and other criteria. Relevance considers factors like price, availability, Reviews, customer service and cancellation history, popularity, previous trips and saved Listings, Host requirements (e.g. minimum or maximum nights), and more. Learn more about search results in our **Help Center**.

**2.2 Booking**. When you book a Listing, you are agreeing to pay all charges for your booking including the Listing price, applicable fees like **Airbnb's service fee**, **offline fees**, **taxes**, and any other items identified during checkout (collectively, "**Total Price**"). You are also agreeing that Airbnb via Airbnb Payments may charge the Payment Method (as defined in the Payment Terms) used to book the Listing in order to collect Damage Claim (as defined in Section 15) amounts. When you receive the booking confirmation, a contract for Host Services (a **"Reservation"**) is formed directly between you and the Host. In addition to these Terms, you will be subject to, and responsible for complying with, all terms of the Reservation, including without limitation, the cancellation policy and any other rules, standards, policies, or requirements identified in the Listing or during checkout that apply to the Reservation. It is your responsibility to read and understand these rules, standards, policies, and requirements prior to booking a Listing.Be aware that some Hosts work with a co-host or as part of a team to provide their Host Services.

**2.3 Accommodation Reservations**. An Accommodation Reservation is a limited license to enter, occupy, and use the Accommodation. The Host retains the right to re-enter the Accommodation during your stay, to the extent: (i) it is reasonably necessary, (ii) permitted by your contract with the Host, and (iii) consistent with applicable law. If you stay past checkout, the Host has the right to make you leave in a manner consistent with applicable law, including by imposing reasonable overstay penalties. You may not exceed the maximum number of allowed Guests.

**2.4 Reservations for Experiences and Other Host Services**. An Experience or other Host Service Reservation entitles you to participate in, attend, or use that Host Service. You are responsible for confirming that you, and anyone you invite, meet minimum age, proficiency, fitness, or other requirements. You are responsible for informing the Host of any medical or physical conditions, or other circumstances that may impact your ability to participate, attend, or use the Host Service. Except where expressly authorized, you may not allow any person to join a Host Service unless they are included as an additional guest during the booking process.

**3. Cancellations, Travel Issues, Refunds and Booking Modifications**.

COPY

**3.1 Cancellations, Travel Issues, and Refunds**. In general, if as a Guest you cancel a Reservation, the amount refunded to you is determined by the **cancellation policy** that applies to that Reservation. But, in certain situations, other policies take precedence and determine what amount is refunded to you. If something outside your control forces you to cancel a Reservation, you may be eligible for a partial or full refund under our **Extenuating Circumstances Policy**. If the Host cancels, or you experience a Travel Issue (as defined in our **Rebooking and Refund Policy**), you may be eligible for rebooking assistance or a partial or full refund under the **Rebooking and Refund Policy**. Different policies apply to certain categories of Listings; for example Experiences Reservations are governed by the **Experiences Guest Refund Policy**, and Luxe Reservations are governed by the **Luxe Rebooking and Refund Policy**. See each **Additional Legal Term** or **Policy** for details about what is covered, and what refund applies in each situation.

**3.2 Booking Modifications**. Guests and Hosts are responsible for any booking modifications they agree to make via the Airbnb Platform or direct Airbnb customer service to make on their behalf ("**Booking Modifications**"), and agree to pay any additional amounts, fees, or taxes associated with any Booking Modification.

**4. Your Responsibilities and Assumption of Risk.**

**4.1 Your Responsibilities**. You are responsible and liable for your own acts and omissions and are also responsible for the acts and omissions of anyone you invite to join or provide access to any Accommodation, Experience or other Host Service. For example, this means: (i) you are responsible for leaving an Accommodation (and related personal property) in the condition it was in when you arrived, (ii) you are responsible for paying all reasonable Damage Claim amounts necessary to cover damage that you, your guest(s), or your pet(s) cause to an Accommodation, and (iii) you must act with integrity, treat others with respect, and comply with applicable laws at all times. If you are booking for an additional guest who is a minor or if you bring a minor to a Host Service, you must be legally authorized to act on behalf of the minor and you are solely responsible for the supervision of that minor.

**4.2 Your Assumption of Risk**. **You acknowledge that many activities carry inherent risks and agree that, to the maximum extent permitted by applicable law, you assume the entire risk arising out of your access to and use of the Airbnb Platform and any Content (as defined in Section 10), including your stay at any Accommodation, participation in any Experience, use of any other Host Service, or any other interaction you have with other Members whether in person or online. This means it is your responsibility to investigate a Host Service to determine whether it is suitable for you. For example, Host Services may carry risk of illness, bodily injury, disability, or death, and you freely and willfully assume those risks by choosing to participate in those Host Services.**

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

## Host Terms

**5. Hosting on Airbnb**.

**5.1 Host**. As a Host, Airbnb offers you the right to use the Airbnb Platform to share your Accommodation, Experience, or other Host Service with our vibrant community of Guests - and earn money doing it. It's easy to create a Listing and you are in control of how you host - set your price, availability, and rules for each Listing.

**5.2 Contracting with Guests**. When you accept a booking request, or receive a booking confirmation through the Airbnb Platform, you are entering into a contract directly with the Guest, and are responsible for delivering your Host Service under the terms and at the price specified in your Listing. You are also agreeing to pay applicable fees like **Airbnb's service fee** (and applicable **taxes**) for each booking. Airbnb Payments will deduct amounts you owe from your payout unless we and you agree to a different method. Any terms, policies or conditions that you include in any supplemental contract with Guests must: (i) be consistent with these Terms, our **Additional Legal Terms**, **Policies**, and the information provided in your Listing, and (ii) be prominently disclosed in your Listing description.

**5.3 Independence of Hosts**. Your relationship with Airbnb is that of an independent individual or entity and not an employee, agent, joint venturer, or partner of Airbnb, except that Airbnb Payments acts as a payment collection agent as described in the Payments Terms. Airbnb does not direct or control your Host Service, and you agree that you have complete discretion whether and when to provide Host Services, and at what price and on what terms to offer them.

**6. Managing Your Listing**.

**6.1 Creating and Managing Your Listing**. The Airbnb Platform provides tools that make it easy for you to set up and manage a Listing. Your Listing must include complete and accurate information about your Host Service, your price, other charges like cleaning fees, resort fees, **offline fees**, and any rules or requirements that apply to your Guests or Listing. You are responsible for keeping your Listing information (including calendar availability) and content (like photos) up-to-date and accurate at all times. We recommend that you obtain appropriate insurance for your Host Services and suggest you carefully review policy terms and conditions including coverage details and exclusions. You may only maintain one Listing per Accommodation, but may have multiple Listings for a single property if it has multiple places to stay. Any offer of an Experience is subject to our **Additional Terms for Experience Hosts**.

**6.2 Know Your Legal Obligations**. You are responsible for understanding and complying with any laws, rules, regulations, and contracts with third parties that apply to your

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

Listing or Host Services. For example: Some landlords and leases, or homeowner and condominium association rules, restrict or prohibit subletting, short-term rentals and/or longer-term stays. Some cities have zoning or other laws that restrict the short-term rental of residential properties. Some jurisdictions require Hosts to register, get a permit, or obtain a license before providing certain Host Services (such as short-term rentals, longer-term stays, preparing food, serving alcohol for sale, guiding tours, or operating a vehicle). In some places, the Host Services you want to offer may be prohibited altogether. Some jurisdictions require that you register Guests who stay at your Accommodation. Some jurisdictions have laws that create tenancy rights for Guests and additional obligations for Hosts. For example, some places have landlord-tenant, rent control, and eviction laws that may apply to longer stays. Check your local rules to learn what rules apply to the Host Services you plan to offer. Information we provide regarding legal requirements is for informational purposes only and you should independently confirm your obligations. You are responsible for handling and using personal data of Guests and others in compliance with applicable privacy laws and these Terms, including our **Host Privacy Standards**. If you have questions about how local laws apply you should always seek legal advice.

**6.3 Search Ranking**. The ranking of Listings in search results on the Airbnb Platform depends on a variety of factors, including these main parameters:

- Guest search parameters (e.g. number of Guests, time and duration of the trip, price range),

- Listing characteristics (e.g. price, calendar availability, number and quality of images, Reviews, type of Host Service, Host status, age of the Listing, average Guest popularity),

- Guest booking experience (e.g. customer service and cancellation history of the Host, ease of booking),

- Host requirements (e.g. minimum or maximum nights, booking cut-off time), and

- Guest preferences (e.g. previous trips, saved Listings, location from where the Guest is searching).

Search results may appear different on our mobile application than they appear on our website. Airbnb may allow Hosts to promote their Listings in search or elsewhere on the Airbnb Platform by paying an additional fee. More information about the factors that determine how your Listing appears in search results, our current promotional programs (if any), and how we identify promoted Content can be found in our **Help Center**.

COPY

**6.4 Your Responsibilities**. You are responsible and liable for your own acts and omissions and are also responsible for the acts and omissions of anyone you allow to participate in providing your Host Services. You are responsible for setting your price and establishing rules and requirements for your Listing. You must describe any and all fees and charges in your Listing description and may not collect any additional fees or charges outside the Airbnb Platform except those expressly authorized by our **Offline Fee Policy**. Do not encourage Guests to create third-party accounts, submit reviews, provide their contact information, or take other actions outside the Airbnb Platform in violation of our **Off-Platform Policy**.

**6.5 Hosting as a Team or Organization**. If you work with a co-host or host as part of a team, business, or other organization, the entity and each individual who participates in providing Host Services is responsible and liable as a Host under these Terms. If you accept terms or enter into contracts, you represent and warrant that you are authorized to enter into contracts for and bind your team, business or other organization, and that each entity you use is in good standing under the laws of the place where it is established. If you perform other functions, you represent and warrant that you are authorized to perform those functions. If you instruct Airbnb to transfer a portion of your payout to a co-host or other Hosts, or to send payments to someone else, you must be authorized to do so, and are responsible and liable for the payment amounts and accuracy of any payout information you provide.

**6.6 Your Assumption of Risk**. **You acknowledge that hosting carries inherent risks and agree that you assume the entire risk arising out of your access to and use of the Airbnb Platform, offering Host Services, or any interaction you have with other Members whether in person or online. You agree that you have had the opportunity to investigate the Airbnb Platform and any laws, rules, regulations, or obligations that may be applicable to your Listings or Host Services and that you are not relying upon any statement of law made by Airbnb.**

**7. Cancellations, Travel Issues, and Booking Modifications**.

**7.1 Cancellations and Travel Issues**. In general, if a Guest cancels a Reservation, the amount paid to you is determined by the cancellation policy that applies to that Reservation. As a host, you should not cancel on a Guest without a valid reason under our **Extenuating Circumstances Policy** or applicable law. If you cancel on a Guest without such a valid reason, we may impose a **cancellation fee and other consequences**. If: (i) a Guest experiences a Travel Issue (as defined by the **Rebooking and Refund Policy**), (ii) an **Extenuating Circumstance** arises, or (iii) a Reservation is cancelled under Section 13 of these Terms, the amount you are paid will be reduced by the amount we refund or otherwise provide to the Guest, and by any other reasonable costs we incur as a result of the cancellation. If a Guest receives a refund after you have

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

already been paid, or the amount of the refund and other costs incurred by Airbnb exceeds your payout, Airbnb (via Airbnb Payments) may recover that amount from you, including by offsetting the refund against your future payouts. You agree that Airbnb's **Rebooking and Refund Policy**, **Extenuating Circumstances Policy,** and these Terms preempt the cancellation policy you set in situations where they allow for the cancellation of a Reservation and/or the issuance of refunds to Guests. If we reasonably expect to provide a refund to a Guest under one of these policies, we may delay release of any payout for that Reservation until a refund decision is made. If you Host an Experience please note that the **Experience Cancellation Policy**, **Experiences Guest Refund Policy** and different **cancellation fees and consequences** apply to your Reservations. See each **Policy** for details about what is covered, and what your payout will be in each situation.

**7.2 Booking Modifications**. Hosts and Guests are responsible for any Booking Modifications they agree to make via the Airbnb Platform or direct Airbnb customer service to make on their behalf, and agree to pay any additional amounts, fees or taxes associated with a Booking Modification.

**8. Taxes**.

**8.1 Host Taxes**. As a host, you are responsible for determining and fulfilling your obligations under applicable laws to report, collect, remit, or include in your price any applicable VAT or other indirect taxes, occupancy taxes, tourist, income, or other taxes ("**Taxes**").

**8.2 Collection and Remittance by Airbnb**. In jurisdictions where Airbnb facilitates the collection and/or remittance of Taxes on behalf of Hosts, you instruct and authorize Airbnb to collect Taxes on your behalf, and/or to remit such Taxes to the relevant Tax authority. Any Taxes that are collected and/or remitted by Airbnb are identified to Members on their transaction records, as applicable. Airbnb may seek additional amounts from Members (including by deducting such amounts from future payouts) in the event that the Taxes collected and/or remitted are insufficient to fully discharge that Members' tax obligations, and you agree that your sole remedy for Taxes collected by Airbnb is a refund from the applicable Tax authority. You acknowledge and agree that we retain the right, with prior notice to affected Members, to cease the collection and remittance of Taxes in any jurisdiction for any reason.

**8.3 Tax Information**. In certain jurisdictions, Tax regulations may require that we collect and/or report Tax information about you, or withhold Taxes from payouts to you, or both. If you fail to provide us with documentation that we determine to be sufficient to support any such obligation to withhold Taxes from payouts to you, we may withhold payouts up to the amount as required by law, until sufficient documentation is provided.

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

You agree that Airbnb may issue on your behalf invoices or similar documentation for VAT, GST, consumption or other Taxes for your Host Services to facilitate accurate tax reporting by you, our Guests, and/or their organizations.

## General Terms

**9. Reviews**.

After each Host Service, Guests and Hosts will have an opportunity to review each other. Your Review must be accurate and may not contain any discriminatory, offensive, defamatory, or other language that violates our **Content Policy** or **Review Policy**. Reviews are not verified by Airbnb for accuracy and may be incorrect or misleading.

**10. Content**.

Parts of the Airbnb Platform enable you to provide feedback, text, photos, audio, video, information, and other content (collectively, "**Content**"). By providing Content, in whatever form and through whatever means, you grant Airbnb a non-exclusive, worldwide, royalty-free, irrevocable, perpetual, sub-licensable and transferable license to copy, modify, prepare derivative works of, distribute, publish and otherwise exploit, that Content, without limitation. If Content includes personal information, our **Privacy Policy** describes how we use that personal information. Where Airbnb pays for the creation of Content or facilitates its creation, Airbnb may own that Content, in which case supplemental terms or disclosures will say that. You are solely responsible for all Content that you provide and warrant that you either own it or are authorized to grant Airbnb the rights described in these Terms. You are responsible and liable if any of your Content violates or infringes the intellectual property or privacy rights of any third party. Content must comply with our **Content Policy** and **Nondiscrimination Policy**, which prohibit, among other things, discriminatory, obscene, harassing, deceptive, violent, and illegal content. You agree that Airbnb may make available services or automated tools to translate Content and that your Content may be translated using such services or tools. Airbnb does not guarantee the accuracy or quality of translations and Members are responsible for confirming the accuracy of such translations.

**11. Fees**.

Airbnb may charge fees (and applicable Taxes) to Hosts and Guests for the right to use the Airbnb Platform. More information about when service fees apply and how they are calculated can be found on our **Service Fees page**. Except as otherwise provided on the Airbnb Platform, service fees are non-refundable. Airbnb reserves the right to change the service fees at any time, and will provide Members notice of any fee changes before

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

Exhibit A

COPY

they become effective. Fee changes will not affect bookings made prior to the effective date of the fee change. If you disagree with a fee change you may terminate this agreement at any time pursuant to Section 13.2.

**12. Airbnb Platform Rules**.

**12.1 Rules**. You must follow these rules and must not help or induce others to break or circumvent these rules.

- Act with integrity and treat others with respect
  - Do not lie, misrepresent something or someone, or pretend to be someone else.

  - Be polite and respectful when you communicate or interact with others.

  - Follow our **Nondiscrimination Policy** and do not discriminate against or harass others.

- Do not scrape, hack, reverse engineer, compromise or impair the Airbnb Platform
  - Do not use bots, crawlers, scrapers, or other automated means to access or collect data or other content from or otherwise interact with the Airbnb Platform.

  - Do not hack, avoid, remove, impair, or otherwise attempt to circumvent any security or technological measure used to protect the Airbnb Platform or Content.

  - Do not decipher, decompile, disassemble, or reverse engineer any of the software or hardware used to provide the Airbnb Platform.

  - Do not take any action that could damage or adversely affect the performance or proper functioning of the Airbnb Platform.

- Only use the Airbnb Platform as authorized by these Terms or another agreement with us
  - You may only use another Member's personal information as necessary to facilitate a transaction using the Airbnb Platform as authorized by these Terms.

  - Do not use the Airbnb Platform, our messaging tools, or Members' personal information to send commercial messages without the recipient's express consent.

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

- You may use Content made available through the Airbnb Platform solely as necessary to enable your use of the Airbnb Platform as a Guest or Host.

- Do not use Content unless you have permission from the Content owner or the use is authorized by us in these Terms or another agreement you have with us.

- Do not request, make, or accept a booking or any payment outside of the Airbnb Platform to avoid paying fees, taxes or for any other reason. See our **Offline Fee Policy** for exceptions.

- Do not require or encourage Guests to open an account, leave a review, complete a survey, or otherwise interact, with a third party website, application or service before, during or after a Reservation, unless authorized by Airbnb.

- Do not engage in any practices that are intended to manipulate our search algorithm.

- Do not book Host Services unless you are actually using the Host Services.

- Do not use, copy, display, mirror or frame the Airbnb Platform, any Content, any Airbnb branding, or any page layout or design without our consent.

- Honor your legal obligations
  - Understand and follow the laws that apply to you, including privacy, data protection, and export laws.

  - If you provide us with someone else's personal information, you: (i) must do so in compliance with applicable law, (ii) must be authorized to do so, and (iii) authorize us to process that information under our **Privacy Policy**.

  - Read and follow our Terms, **Additional Legal Terms**, **Policies**, and **Standards**.

  - Do not organize or facilitate unauthorized parties or events. You are responsible and liable for any party or event during your Reservation that violates our **rules for parties and events**, as incorporated by reference herein.

  - Do not use the name, logo, branding, or trademarks of Airbnb or others without permission, and only as set forth in our **Trademark Guidelines**.

  - Do not use or register any domain name, social media handle, trade name, trademark, branding, logo, or other source identifier that may be confused

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

COPY

with Airbnb branding.

- Do not offer Host Services that violate the laws or agreements that apply to you.

- Do not offer or solicit prostitution or participate in or facilitate human trafficking.

**12.2 Reporting Violations**. If you believe that a Member, Listing or Content poses an imminent risk of harm to a person or property, you should immediately contact local authorities before contacting Airbnb. In addition, if you believe that a Member, Listing or Content has violated our **Standards**, you should report your concerns to Airbnb. If you reported an issue to local authorities, Airbnb may request a copy of that report. Except as required by law, you agree that we are not obligated to take action in response to any report.

**12.3 Copyright Notifications**. If you believe that Content on the Airbnb Platform infringes copyrights, please notify us in accordance with our **Copyright Policy**.

**13. Termination, Suspension and other Measures**.

**13.1 Term**. The agreement between you and Airbnb reflected by these Terms is effective when you access the Airbnb Platform (for example to create an account) and remains in effect until either you or we terminate the agreement in accordance with these Terms.

**13.2 Termination**. You may terminate this agreement at any time by sending us **an email** or by deleting your account. Airbnb may terminate this agreement and your account for any reason by giving you 30 days' notice via email or using any other contact information you have provided for your account. Airbnb may also terminate this agreement immediately and without notice and stop providing access to the Airbnb Platform if you breach these Terms, you violate our **Additional Legal Terms**, or **Policies**, you violate applicable laws, or we reasonably believe termination is necessary to protect Airbnb, its Members, or third parties. If your account has been inactive for more than two years, we may terminate your account without prior notice.

**13.3 Member Violations**. If (i) you breach these Terms, our **Additional Legal Terms**, **Policies**, or our **Standards**, (ii) you violate applicable laws, regulations, or third-party rights, or (iii) Airbnb believes it is reasonably necessary to protect Airbnb, its Members, or third parties; Airbnb may, with or without prior notice:

- suspend or limit your access to or use of the Airbnb Platform and/or your account;

- suspend or remove Listings, Reviews, or other Content;

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

- cancel pending or confirmed bookings; or

- suspend or revoke any special status associated with your account.

For minor violations or where otherwise appropriate as Airbnb determines in its sole discretion, you will be given notice of any intended measure by Airbnb and an opportunity to resolve the issue. You may appeal actions taken by us under this Section by contacting customer service. If a Reservation is cancelled under this Section, the amount paid to the Host will be reduced by the amount we refund or otherwise provide to the Guest, and by any other costs we incur as a result of the cancellation.

**13.4 Legal Mandates**. Airbnb may take any action it determines is reasonably necessary to comply with applicable law, or the order or request of a court, law enforcement, or other administrative agency or governmental body, including the measures described above in Section 13.3.

**13.5 Effect of Termination**. If you are a Host and terminate your Airbnb account, any confirmed booking(s) will be automatically cancelled and your Guests will receive a full refund. If you terminate your account as a Guest, any confirmed booking(s) will be automatically cancelled and any refund will depend upon the terms of the Reservation's cancellation policy. When this agreement has been terminated, you are not entitled to a restoration of your account or any of your Content. If your access to or use of the Airbnb Platform has been limited, or your Airbnb account has been suspended, or this agreement has been terminated by us, you may not register a new account or access or use the Airbnb Platform through an account of another Member.

**13.6 Survival**. Parts of these Terms that by their nature survive termination, will survive termination of this agreement, including Sections 2 through 26.

**14. Modification**.

Airbnb may modify these Terms at any time. When we make material changes to these Terms, we will post the revised Terms on the Airbnb Platform and update the "Last Updated" date at the top of these Terms. We will also provide you with notice of any material changes by email at least 30 days before the date they become effective. If you disagree with the revised Terms, you may terminate this agreement immediately as provided in these Terms. If you do not terminate your agreement before the date the revised Terms become effective, your continued access to or use of the Airbnb Platform will constitute acceptance of the revised Terms.

**15. Resolving Complaints and Damage Claims**.

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

COPY

If a Member provides valid evidence that you, your guest(s), or your pet(s)damaged the complaining Member's real or personal property, or real or personal property the complaining Member is responsible for, including consequential damages, ("**Damage Claim**"), the complaining Member can notify Airbnb and/or seek compensation through the Resolution Center. You will be notified of the Damage Claim and given an opportunity to respond. If you agree to pay, or if the Damage Claim is escalated to Airbnb and Airbnb determines in its sole discretion that the Damage Claim is valid and you are responsible for the Damage Claim, Airbnb via Airbnb Payments can collect the amount of the Damage Claim from you. You agree that Airbnb may seek to recover from you under any insurance policies you maintain and that Airbnb may also pursue against you any remedies it may have available under applicable law, including referral of the matter to a collections agency, and/or pursuit of available causes of action and/or claims against you. You agree to cooperate in good faith, provide any information Airbnb requests, execute documents, and take further reasonable action, in connection with Damage Claims, Member complaints, claims under insurance policies, or other claims related to your provision or use of Host Services.

**16. Airbnb's Role**.

We offer you the right to use a platform that enables Members to publish, offer, search for, and book Host Services. While we work hard to ensure our Members have great experiences using Airbnb, we do not and cannot control the conduct of Guests and Hosts. You acknowledge that Airbnb has the right, but does not have any obligation, to monitor the use of the Airbnb Platform and verify information provided by our Members. For example, we may review, disable access to, remove, or edit Content to: (i) operate, secure and improve the Airbnb Platform (including for fraud prevention, risk assessment, investigation and customer support purposes); (ii) ensure Members' compliance with these Terms; (iii) comply with applicable law or the order or requirement of a court, law enforcement or other administrative agency or governmental body; (iv) address Content that we determine is harmful or objectionable; (v) take actions set out in these Terms; and (vi) maintain and enforce any quality or eligibility criteria, including by removing Listings that don't meet quality and eligibility criteria. Members acknowledge and agree that Airbnb administers its **Additional Legal Terms**, **Policies** (such as our **Extenuating Circumstances Policy**) and **Standards** (such as **basic requirements for hosts**), including decisions about whether and how to apply them to a particular situation, at its sole discretion. Members agree to cooperate with and assist Airbnb in good faith, and to provide Airbnb with such information and take such actions as may be reasonably requested by Airbnb with respect to any investigation undertaken by Airbnb regarding the use or abuse of the Airbnb Platform. Airbnb is not acting as an agent for any Member except for where Airbnb Payments acts as a collection agent as provided in the Payments Terms.

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

## 17. Member Accounts.

You must register an account to access and use many features of the Airbnb Platform. Registration is only permitted for legal entities, partnerships and natural persons who are 18 years or older. You represent and warrant that you are not a person or entity barred from using the Airbnb Platform under the laws of the United States, your place of residence, or any other applicable jurisdiction. You must provide accurate, current, and complete information during registration and keep your account information up-to-date. You may not register more than one account or transfer your account to someone else. You are responsible for maintaining the confidentiality and security of your account credentials and may not disclose your credentials to any third party. You are responsible and liable for activities conducted through your account and must immediately notify Airbnb if you suspect that your credentials have been lost, stolen, or your account is otherwise compromised. If and as permitted by applicable law, we may, but have no obligation to (i) ask you to provide identification or other information, (ii) undertake checks designed to help verify your identity or background, (iii) screen you against third-party databases or other sources and request reports from service providers, and (iv) obtain reports from public records of criminal convictions or sex offender registrations or their local equivalents.

## 18. Disclaimer of Warranties.

**We provide the Airbnb Platform and all Content "as is" without warranty of any kind and we disclaim all warranties, whether express or implied. For example: (i) we do not endorse or warrant the existence, conduct, performance, safety, quality, legality or suitability of any Guest, Host, Host Service, Listing or third party; (ii) we do not warrant the performance or non-interruption of the Airbnb Platform; and (iii) we do not warrant that verification, identity or background checks conducted on Listings or Members (if any) will identify past misconduct or prevent future misconduct. Any references to a Member or Listing being "verified" (or similar language) indicate only that the Member or Listing or Airbnb has completed a relevant verification or identification process and nothing else. The disclaimers in these Terms apply to the maximum extent permitted by law. If you have statutory rights or warranties we cannot disclaim, the duration of any such statutorily required rights or warranties, will be limited to the maximum extent permitted by law.**

## 19. Limitations on Liability.

**Neither Airbnb (including its affiliates and personnel) nor any other party involved in creating, producing, or delivering the Airbnb Platform or any Content will be liable for any incidental, special, exemplary or consequential damages, including lost profits, loss of data or loss of goodwill, service interruption, computer damage or**

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

COPY

system failure or the cost of substitute products or services, or for any damages for personal or bodily injury or emotional distress arising out of or in connection with (i) these Terms, (ii) the use of or inability to use the Airbnb Platform or any Content, (iii) any communications, interactions or meetings you may have with someone you interact or meet with through, or as a result of, your use of the Airbnb Platform, or (iv) publishing or booking of a Listing, including the provision or use of Host Services, whether based on warranty, contract, tort (including negligence), product liability or any other legal theory, and whether or not Airbnb has been informed of the possibility of such damage, even if a limited remedy set out in these Terms is found to have failed of its essential purpose.

Except for our obligation to transmit payments to Hosts under these Terms, or make payments under the Airbnb Host Damage Protection or Japan Host Insurance, in no event will Airbnb's aggregate liability for any claim or dispute arising out of or in connection with these Terms, your interaction with any Members, or your use of or inability to use the Airbnb Platform, any Content, or any Host Service, exceed: (A) to Guests, the amount you paid as a Guest during the 12-month period prior to the event giving rise to the liability, (B) to Hosts, the amount paid to you as a Host in the 12-month period prior to the event giving rise to the liability, or (C) to anyone else, one hundred U.S. dollars (US$100).

These limitations of liability and damages are fundamental elements of the agreement between you and Airbnb. If applicable law does not allow the limitations of liability set out in these Terms, the above limitations may not apply to you.

**20. Indemnification**.

To the maximum extent permitted by applicable law, you agree to release, defend (at Airbnb's option), indemnify, and hold Airbnb (including Airbnb Payments, other affiliates, and their personnel) harmless from and against any claims, liabilities, damages, losses, and expenses, including, without limitation, reasonable legal and accounting fees, arising out of or in any way connected with: (i) your breach of these Terms (including any supplemental or additional terms that apply to a product or feature) or our Additional Legal Terms, Policies or Standards, (ii) your improper use of the Airbnb Platform, (iii) your interaction with any Member, stay at an Accommodation, participation in an Experience or other Host Service, including without limitation any injuries, losses or damages (whether compensatory, direct, incidental, consequential or otherwise) of any kind arising in connection with or as a result of such interaction, stay, participation or use, (iv) your failure, or our failure at your direction, to accurately report, collect or remit Taxes, or (v) your breach of any laws, regulations or third party rights such as intellectual property or privacy rights.

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

**21. Contracting Entities**.

Based on your country of residence or establishment and what you are doing on the Airbnb Platform, Schedule 1 below sets out the Airbnb entity with whom you are contracting. If we identify through the Airbnb Platform, an Airbnb entity other than the one set out on Schedule 1 as being responsible for a product, feature or transaction, the Airbnb entity so identified is your contracting entity with respect to that product, feature or transaction. If you change your country of residence or establishment, the Airbnb company you contract with (as set out on Schedule 1) and the applicable version of the Terms of Service will be determined by your new country of residence or establishment, from the date on which your country of residence or establishment changes.

**22. United States Governing Law and Venue**.

If you reside or have your place of establishment in the United States, these Terms will be interpreted in accordance with the laws of the State of California and the United States of America, without regard to conflict-of-law provisions. Judicial proceedings (other than small claims actions) that are excluded from the arbitration agreement in Section 23 must be brought in state or federal court in San Francisco, California, unless we both agree to some other location. You and we both consent to venue and personal jurisdiction in San Francisco, California.

**23. United States Dispute Resolution and Arbitration Agreement**.

**23.1 Application**. This Arbitration Agreement only applies to you if your country of residence or establishment is the United States. If your country of residence or establishment is not the United States, and you nevertheless attempt to bring any legal claim against Airbnb in the United States, this Arbitration Agreement will apply for determination of the threshold issue of whether this Section 23 applies to you, and all other threshold determinations, including residency, arbitrability, venue, and applicable law.

**23.2 Overview of Dispute Resolution Process**. Airbnb is committed to participating in a consumer-friendly dispute resolution process. To that end, these Terms provide for a two-part process for individuals to whom this Section 23 applies: (1) an informal negotiation directly with Airbnb's customer service team (described in paragraph 23.3, below), and if necessary (2) a binding arbitration administered by the American Arbitration Association ("**AAA**"). You and Airbnb each retain the right to seek resolution of the dispute in small claims court as an alternative to arbitration.

**23.3 Mandatory Pre-Arbitration Dispute Resolution and Notification**. At least 30 days prior to initiating an arbitration, you and Airbnb each agree to notify the other party of

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

the dispute in writing and attempt in good faith to negotiate an informal resolution. You must send your notice of dispute to Airbnb by mailing it to Airbnb's agent for service: **CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833**. Airbnb will send its notice of dispute to the email address associated with your Airbnb account. A notice of dispute must include: the party's name and preferred contact information, a brief description of the dispute, and the relief sought. If the parties are unable to resolve the dispute within the 30-day period, only then may either party commence arbitration by filing a written Demand for Arbitration (available at www.adr.org) with the AAA and providing a copy to the other party as specified in the AAA Rules (available at www.adr.org).

**23.4 Agreement to Arbitrate**. **You and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these Terms or the applicability, breach, termination, validity, enforcement or interpretation thereof, or any use of the Airbnb Platform, Host Services, or any Content (collectively, "**Disputes**") will be settled by binding individual arbitration (the "**Arbitration Agreement**"). If there is a dispute about whether this Arbitration Agreement can be enforced or applies to our Dispute, you and Airbnb agree that the arbitrator will decide that issue.**

**23.5 Exceptions to Arbitration Agreement**. You and Airbnb each agree that the following causes of action and/or claims for relief are exceptions to the Arbitration Agreement and will be brought in a judicial proceeding in a court of competent jurisdiction (as defined by Section 22): (i) any claim or cause of action alleging actual or threatened infringement, misappropriation or violation of a party's copyrights, trademarks, trade secrets, patents, or other intellectual property rights; (ii) any claim or cause of action seeking emergency injunctive relief based on exigent circumstances (e.g., imminent danger or commission of a crime, hacking, cyber-attack); or (iii) a request for the remedy of public injunctive relief; or (iv) any individual claim of sexual assault or sexual harassment arising from your use of the Airbnb Platform or Host Services. You and Airbnb agree that the remedy of public injunctive relief will proceed after the arbitration of all arbitrable claims, remedies, or causes of action, and will be stayed pending the outcome of the arbitration pursuant to section 3 of the Federal Arbitration Act.

**23.6 Arbitration Rules and Governing Law**. This Arbitration Agreement evidences a transaction in interstate commerce and the Federal Arbitration Act governs all substantive and procedural interpretation and enforcement of this provision. The arbitration will be administered by the arbitrator in accordance with the Consumer Arbitration Rules and/or other AAA arbitration rules determined to be applicable by the AAA (the "**AAA Rules**") then in effect, except as modified here. The AAA Rules are available at www.adr.org. In order to initiate arbitration, a completed written demand

COPY

(available at www.adr.org) must be filed with the AAA and provided to the other party, as specified in the AAA rules.

**23.7 Modification to AAA Rules - Arbitration Hearing/Location**. In order to make the arbitration most convenient to you, Airbnb agrees that any required arbitration hearing may be conducted, at your option: (a) in the U.S. county where you reside; (b) in San Francisco County; (c) via phone or video conference. If the amount in controversy is $5,000 or less, the parties agree to proceed solely on the submission of documents to the arbitrator.

**23.8 Modification of AAA Rules - Attorney's Fees and Costs**. Your arbitration fees and your share of arbitrator compensation shall be governed by the AAA Rules. Either party may make a request that the arbitrator award attorneys' fees and costs upon proving that the other party has asserted a claim, cross-claim or defense that is groundless in fact or law, brought in bad faith or for the purpose of harassment, or is otherwise frivolous, as allowed by applicable law and the AAA Rules.

**23.9 Arbitrator's Decision**. The arbitrator's decision will include the essential findings and conclusions upon which the arbitrator based the award. Judgment on the arbitration award may be entered in any court with proper jurisdiction. The arbitrator may award any relief allowed by law or the AAA Rules, but declaratory or injunctive relief may be awarded only on an individual basis and only to the extent necessary to provide relief warranted by the claimant's individual claim.

**23.10 Jury Trial Waiver**. You and Airbnb acknowledge and agree that we are each waiving the right to a trial by jury as to all arbitrable Disputes.

**23.11 No Class Actions or Representative Proceedings**. You and Airbnb acknowledge and agree that, to the fullest extent permitted by law, we are each waiving the right to participate as a plaintiff or class member in any purported class action lawsuit, class-wide arbitration, private attorney general action, or any other representative or consolidated proceeding. Unless we agree in writing, the arbitrator may not consolidate more than one party's claims and may not otherwise preside over any form of any class or representative proceeding. If there is a final judicial determination that applicable law precludes enforcement of the waiver contained in this paragraph as to any claim, cause of action or requested remedy, then that claim, cause of action or requested remedy, and only that claim, cause of action or requested remedy, will be severed from this agreement to arbitrate and will be brought in a court of competent jurisdiction. In the event that a claim, cause of action or requested remedy is severed pursuant to this paragraph, then you and we agree that the claims, causes of action or requested remedies that are not subject to arbitration will be stayed until all arbitrable claims, causes of action and requested remedies are resolved by the arbitrator.

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

**23.12 Severability**. Except as provided in Section 23.11, in the event that any portion of this Arbitration Agreement is deemed illegal or unenforceable, such provision will be severed and the remainder of the Arbitration Agreement will be given full force and effect.

**23.13 Changes to Agreement to Arbitrate**. If Airbnb changes this Section 23 after the date you last accepted these Terms (or accepted any subsequent changes to these Terms), you may reject that change by sending us written notice (including by email) within 30 days of the date the change is effective. Rejecting a new change, however, does not revoke or alter your prior consent to any earlier agreements to arbitrate any Dispute between you and Airbnb (or your prior consent to any subsequent changes thereto), which will remain in effect and enforceable as to any Dispute between you and Airbnb.

**23.14 Survival**. Except as provided in Section 23.12 and subject to Section 13.6, this Section 23 will survive any termination of these Terms and will continue to apply even if you stop using the Airbnb Platform or terminate your Airbnb account.

**24. China Governing Law and Dispute Resolution**.

**24.1 China Domestic Transactions**. If you reside or have your place of establishment in China, and are contracting with Airbnb China, these Terms and this Section 24.1 are governed by the laws of the People's Republic of China. In this situation, any dispute arising from or in connection with these Terms or use of the Airbnb Platform shall be submitted to the China International Economic and Trade Arbitration Commission ("**CIETAC**") for arbitration which shall be conducted in accordance with the Commission's arbitration rules in effect at the time of applying for arbitration. The arbitral award is final and binding upon both parties. The tribunal shall consist of three (3) arbitrators. The seat of the arbitration shall be Beijing. The language of the arbitration shall be English.

**24.2 Cross-border Transactions**. If you reside or have your place of establishment in China, and are contracting with Airbnb, Inc., Airbnb Travel, LLC, Airbnb Ireland UC, or any other non-China entity, these Terms and this Section 24.2 are governed by the laws of Singapore. In this situation, any dispute arising out of or in connection with these Terms or use of the Airbnb Platform, including any question regarding the existence, validity or termination of these Terms, shall be referred to and finally resolved by arbitration administered by the Singapore International Arbitration Centre ("**SIAC**") in accordance with the Arbitration Rules of the Singapore International Arbitration Centre ("**SIAC Rules**") for the time being in force, which rules are deemed to be incorporated by reference in this clause. The seat of the arbitration shall be Singapore. The Tribunal shall consist of three (3) arbitrators. The language of the arbitration shall be English.

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

**24.3 Without Limitation Provisions**. The above Sections 24.1 and 24.2 are expressed to be without regard to conflict of laws provisions and shall not be construed to limit any rights which Airbnb may have to apply to any court of competent jurisdiction for any order requiring you to perform or be prohibited from performing certain acts and other provisional relief permitted under the laws of Singapore, the People's Republic of China, or any other laws that may apply to you.

**25. Brazil Governing Law and Venue**. If you reside or have your place of establishment in Brazil, these Terms will be interpreted in accordance with the laws of Brazil, without regard to conflict-of-law provisions. Legal proceedings that you are able to bring against us arising from or in connection with these Terms may only be brought in a court located in Brazil.

**26. Rest of World Dispute Resolution, Venue and Forum, and Governing Law**. If you reside or have your place of establishment outside of the United States, China, and Brazil, this Section applies to you and these Terms will be interpreted in accordance with Irish law. The application of the United Nations Convention on Contracts for the International Sale of Goods (CISG) is excluded. If you are acting as an individual consumer and if mandatory statutory consumer protection regulations in your country of residence contain provisions that are more beneficial for you, such provisions shall apply irrespective of the choice of Irish law. As an individual consumer, you may bring any judicial proceedings relating to these Terms before the competent court of your place of residence or the competent court of Airbnb's place of business in Ireland. If Airbnb wishes to enforce any of its rights against you as a consumer, we may do so only in the courts of the jurisdiction in which you are a resident. If you are acting as a business, you agree to submit to the exclusive jurisdiction of the Irish courts.

**27. Miscellaneous**.

**27.1 Other Terms Incorporated by Reference**. Our <u>Host Damage Protection</u>, <u>Japan Host Insurance Terms</u>, <u>Rebooking and Refund Policy</u>, <u>Experiences Guest Refund Policy</u>, <u>Content Policy</u>, <u>Nondiscrimination Policy</u>, <u>Extenuating Circumstances Policy</u>, <u>Additional Legal Terms</u>, <u>Policies</u>, <u>Standards</u> and other supplemental policies and terms linked to in these Terms apply to your use of the Airbnb Platform, are incorporated by reference, and form part of your agreement with Airbnb.

**27.2 Interpreting these Terms**. Except as they may be supplemented by additional terms, conditions, policies, guidelines, standards, and in-product disclosures, these Terms (including those items incorporated by reference) constitute the entire agreement between Airbnb and you pertaining to your access to or use of the Airbnb Platform and supersede any and all prior oral or written understandings or agreements between Airbnb and you. These Terms do not and are not intended to confer any rights

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

COPY

or remedies upon anyone other than you and Airbnb. If any provision of these Terms is held to be invalid or unenforceable, except as otherwise indicated in Section 23.11 above, such provision will be struck and will not affect the validity and enforceability of the remaining provisions. Where the word "will" is used in these Terms it connotes an obligation with the same meaning as "shall."

**27.3 No Waiver**. Airbnb's failure to enforce any right or provision in these Terms will not constitute a waiver of such right or provision unless acknowledged and agreed to by us in writing. Except as expressly set forth in these Terms, the exercise by either party of any of its remedies under these Terms will be without prejudice to its other remedies under these Terms or otherwise permitted under law.

**27.4 Assignment**. You may not assign, transfer or delegate this agreement or your rights and obligations hereunder without Airbnb's prior written consent. Airbnb may without restriction assign, transfer or delegate this agreement and any rights and obligations hereunder, at its sole discretion, with 30 days' prior notice.

**27.5 Notice**. Unless specified otherwise, any notices or other communications to Members permitted or required under this agreement, will be provided electronically and given by Airbnb via email, Airbnb Platform notification, messaging service (including SMS and WeChat), or any other contact method we enable and you provide. If a notification relates to a booking or Listing in Japan, you agree and acknowledge that such notifications via electronic means in lieu of a written statement, satisfies Airbnb's obligations under Article 59 (1) of the Japanese Housing Accommodation Business Act.

**27.6 Third-Party Services**. The Airbnb Platform may contain links to third-party websites, applications, services or resources ("**Third-Party Services**") that are subject to different terms and privacy practices. Airbnb is not responsible or liable for any aspect of such Third-Party Services and links to such Third-Party Services are not an endorsement.

**27.7 Google Terms**. Some translations on the Airbnb Platform are powered by Google. Google disclaims all warranties related to the translations, express or implied, including any warranties of accuracy, reliability, and any implied warranties for merchantability, fitness for a particular purpose and non-infringement. Some areas of the Airbnb Platform implement Google Maps/Earth mapping services, including Google Maps API(s). Your use of Google Maps/Earth is subject to the **Google Maps/Google Earth Additional Terms of Service**.

**27.8 Apple Terms**. If you access or download our application from the Apple App Store, you agree to **Apple's Licensed Application End User License Agreement**.

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

**27.9 Airbnb Platform Content**. Content made available through the Airbnb Platform may be protected by copyright, trademark, and/or other laws of the United States and other countries. You acknowledge that all intellectual property rights for that Content are the exclusive property of Airbnb and/or its licensors and agree that you will not remove, alter or obscure any copyright, trademark, service mark or other proprietary rights notices. You may not use, copy, adapt, modify, prepare derivative works of, distribute, license, sell, transfer, publicly display, publicly perform, transmit, broadcast or otherwise exploit any Content accessed through the Airbnb Platform except to the extent you are the legal owner of that Content or as expressly permitted in these Terms. Subject to your compliance with these Terms, Airbnb grants you a limited, non-exclusive, non-sublicensable, revocable, non-transferable license to (i) download and use the Application on your personal device(s); and (ii) access and view the Content made available on or through the Airbnb Platform and accessible to you, solely for your personal and non-commercial use.

**27.10 Airbnb.org**. Airbnb.org is a nonprofit corporation exempt from income taxation under U.S. Internal Revenue Code Section 501(c)(3), operating as a public charity. Airbnb.org is not owned or controlled by Airbnb. Airbnb.org administers a number of charitable programs that benefit our Host and Guest communities and the public.

**27.11 Force Majeure**. Airbnb shall not be liable for any delay or failure to perform resulting from causes outside its reasonable control, including, but not limited to, acts of God, natural disasters, war, terrorism, riots, embargoes, acts of civil or military authorities, fire, floods, accidents, pandemics, epidemics or disease, strikes or shortages of transportation facilities, fuel, energy, labor or materials.

**27.12 Emails and SMS**. You will receive administrative communications from us using the email address or other contact information you provide for your Airbnb account. Enrollment in additional email subscription programs will not affect the frequency of these administrative emails, though you should expect to receive additional emails specific to the program(s) to which you have subscribed. You may also receive promotional emails from us. No fee is charged for these promotional emails, but third-party data rates could apply. You can control whether you receive promotional emails using the notification preferences in your account settings. Please note that you will not be able to take advantage of certain promotions if you disable certain communication settings or do not have an Airbnb account. In the U.S. if you consent to receive SMS (text messages) from us, you will be subject to our **SMS Terms**.

**27.13 Contact Us**. If you have any questions about these Terms please **email us**.

## Schedule 1 - Contracting Entities

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

| YOUR PLACE OF RESIDENCE OR ESTABLISHMENT: | YOUR ACTIVITY ON THE AIRBNB PLATFORM: | AIRBNB CONTRACTING ENTITY: | CONTACT INFORMATION: |
|---|---|---|---|
| **United States** | Booking or offering certain hotels or traditional accommodations, where Airbnb Travel, LLC is identified in the checkout or listing process. | Airbnb Travel, LLC | 888 Brannan Street, San Francisco, CA 94103, United States |
| | Booking or offering accommodations located in the United States for stays of 28 nights or more where Airbnb Stays, Inc. is identified in the checkout or listing process. | Airbnb Stays, Inc. | 888 Brannan Street, San Francisco, CA 94103, United States |
| | All other activities. | Airbnb, Inc. | 888 Brannan Street, San Francisco, CA 94103, United States |
| **European Economic Area, Switzerland or the United Kingdom** | Booking or offering certain hotels or traditional accommodations, where Airbnb Travel, LLC is identified in the | Airbnb Travel, LLC | 888 Brannan Street, San Francisco, CA 94103, United States |

| | checkout or listing process. | | |
|---|---|---|---|
| | Booking or offering accommodations located in the United States for stays of 28 nights or more where Airbnb Stays, Inc. is identified in the checkout or listing process. | Airbnb Stays, Inc. | 888 Brannan Street, San Francisco, CA 94103, United States |
| | All other activities. | Airbnb Ireland UC | 8 Hanover Quay, Dublin 2, Ireland |

| | | | |
|---|---|---|---|
| **China** (which for purposes of these Terms, refers to the People's Republic of China and does not include Hong Kong, Macau and Taiwan) | Booking or offering certain hotels or traditional accommodations, located outside of China, where Airbnb Travel, LLC is identified in the checkout or listing process. | Airbnb Travel, LLC | 888 Brannan Street, San Francisco, CA 94103, United States |
| | Booking or offering accommodations located in the United States for stays of 28 nights or more where Airbnb Stays, Inc. is identified in the | Airbnb Stays, Inc. | 888 Brannan Street, San Francisco, CA 94103, United States |

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

| | | | |
|---|---|---|---|
| | checkout or listing process. | | |
| | Booking or offering of any other Host Service, located outside China. | Airbnb Ireland UC | 8 Hanover Quay, Dublin 2, Ireland |
| | Activities in China. | Airbnb Internet (Beijing) Co., Ltd. ("Airbnb China") | 01B, Unit 1401, 14th Floor, East Tower, World Financial Center, No.1, East Third Ring Middle Road Chaoyang District, Beijing, China 100020 |
| **Japan** | Booking or offering certain hotels or traditional accommodations, where Airbnb Travel, LLC is identified in the checkout or listing process. | Airbnb Travel, LLC | 888 Brannan Street, San Francisco, CA 94103, United States |
| | Booking or offering accommodations located in the United States for stays of 28 nights | Airbnb Stays, Inc. | 888 Brannan Street, San Francisco, CA 94103, |

EFILED  04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

| | | | |
|---|---|---|---|
| | or more where Airbnb Stays, Inc. is identified in the checkout or listing process. | | United States |
| | Booking or offering any other Host Service, located outside Japan. | Airbnb Ireland UC | 8 Hanover Quay, Dublin 2, Ireland |
| | All other activities. | Airbnb Global Services Limited | 3 Dublin Landings, North Wall Quay, Dublin D01 H104, Ireland |

| | | | |
|---|---|---|---|
| **Brazil\*** | Any booking, offering accommodations, or any other activity. | Airbnb Plataforma Digital Ltda. | Rua Aspicuelta 422, conjunto 51, CEP: 05433-010, São Paulo - SP - Brazil |

| | | | |
|---|---|---|---|
| **All other countries and territories** | Booking or offering certain hotels or traditional accommodations, where Airbnb Travel, LLC is identified in the checkout or listing process. | Airbnb Travel, LLC | 888 Brannan Street, San Francisco, CA 94103, United States |

EFILED  04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

| | Booking or offering accommodations located in the United States for stays of 28 nights or more where Airbnb Stays, Inc. is identified in the checkout or listing process. | Airbnb Stays, Inc. | 888 Brannan Street, San Francisco, CA 94103, United States |
|---|---|---|---|
| | All other activities. | Airbnb Ireland UC | 8 Hanover Quay, Dublin 2, Ireland |

\* Beginning April 1, 2022, Airbnb Plataforma Digital Ltda. shall be the Contracting Entity for all Members whose place of residence or establishment is in Brazil.

## Terms of Service for European Users

As a consumer who resides in the EEA you can access the European Commission's online dispute resolution platform here: **https://ec.europa.eu/consumers/odr**. Please note that Airbnb is not committed nor obliged to use an alternative dispute resolution entity to resolve disputes with consumers. The European Commission's online dispute resolution platform is not available for residents of Switzerland or the United Kingdom.

**Section 24 of these Terms contains an arbitration agreement and class action waiver that applies to all claims brought against Airbnb in the United States. Please read them carefully.**

Last Updated: January 25, 2023

Thank you for using Airbnb!

These Terms of Service for European Users ("**Terms**") are a binding legal agreement between you and Airbnb that govern your right to use the websites, applications, and

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

COPY

other offerings from Airbnb (collectively, the "**Airbnb Platform**"). When used in these Terms, "**Airbnb**," "**we**," "**us**," or "**our**" refers to the Airbnb entity set out on <u>Schedule 1</u> with whom you are contracting.

The Airbnb Platform offers an online venue that enables users ("**Members**") to publish, offer, search for, and book services. Members who publish and offer services are "**Hosts**" and Members who search for, book, or use services are "**Guests**." Hosts offer accommodations ("**Accommodations**"), activities, excursions and events ("**Experiences**"), and a variety of travel and other services (collectively, "**Host Services**," and each Host Service offering, a "**Listing**"). You must register an account to access and use many features of the Airbnb Platform, and must keep your account information accurate. As the provider of the Airbnb Platform, Airbnb does not own, control, offer or manage any Listings, Host Services, or tourism services. Airbnb is not a party to the contracts entered into directly between Hosts and Guests, nor is Airbnb a real estate broker, travel agency, insurer or an organiser or retailer of travel packages under Directive (EU) 2015/2302. Airbnb is not acting as an agent in any capacity for any Member, except as specified in the <u>Payments Terms of Service</u> ("**Payment Terms**"). To learn more about Airbnb's role see Section 16.

We maintain other <u>terms</u> and <u>policies</u> that supplement these Terms like our <u>Privacy Policy</u>, which describes our collection and use of personal data, and our <u>Payments Terms</u>, which govern any payment services provided to Members by the Airbnb payment entities (collectively "**Airbnb Payments**").

If you Host, you are responsible for understanding and complying with all laws, rules, regulations and contracts with third parties that apply to your Host Services.

## Table of Contents

**Guest Terms**

<u>1. Our Mission.</u>

<u>2. Searching and Booking on Airbnb.</u>

<u>3. Cancellations, Travel Issues, Refunds and Booking Modifications.</u>

<u>4. Your Responsibilities.</u>

**Host Terms**

<u>5. Hosting on Airbnb.</u>

COPY

**6. Managing Your Listing.**

**7. Cancellations, Travel Issues, and Booking Modifications.**

**8. Taxes.**

**General Terms**

**9. Reviews**

**10. Content.**

**11. Fees.**

**12. Airbnb Platform Rules.**

**13. Termination, Suspension and other Measures.**

**14. Modification of these Terms.**

**15. Resolving Complaints and Damage Claims.**

**16. Airbnb's Role.**

**17. Member Accounts.**

**18. Disclaimer.**

**19. Liability.**

**20. Indemnification.**

**21. Contracting Entities.**

**22. Applicable law and Jurisdiction.**

**23. Miscellaneous.**

**24. United States Dispute Resolution and Arbitration Agreement.**

**Additional Terms Specific to Business Hosts**

**25. Business Users.**

**26. Termination, Suspension and other Measures.**

**27. Complaints Handling and Mediation.**

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

COPY

**28. Access to Data.**

**29. Additional Distribution Channels.**

**Schedule 1 - Contracting Entities**

# Guest Terms

**1. Our Mission**.

Our mission is to create a world where you can belong anywhere. From cabins to castles to cooking classes, browse through millions of Listings to find the ones that fit the way you like to travel. Learn more about a Listing by reviewing the description and photos, the Host profile, and past Guest reviews. If you have questions, just message the Host.

**2. Searching and Booking on Airbnb**.

**2.1 Searching**. You can search for Host Services by using criteria like the type of Host Service, travel destination, travel dates, and number of guests. You can also use filters to refine your search results. Search results are based on their relevance to your search and other criteria. Relevance considers factors like price, availability, Reviews, customer service and cancellation history, popularity, previous trips and saved Listings, Host requirements (e.g. minimum or maximum nights), and more. Learn more about search results in our **Help Center**.

**2.2 Booking**. When you book a Listing, you are agreeing to pay all charges for your booking including the Listing price, applicable fees like **Airbnb's service fee**, **offline fees**, **taxes** and any other items identified during checkout (collectively, "**Total Price**"). When you receive the booking confirmation, a contract for Host Services (a "**Reservation**") is formed directly between you and the Host. In addition to these Terms, you will be subject to, and responsible for complying with, all terms of the Reservation, including without limitation, the cancellation policy and any other rules, standards, policies, or requirements identified in the Listing or during checkout that apply to the Reservation. It is your responsibility to read and understand these rules, standards, policies, and requirements prior to booking a Listing. Be aware that some Hosts work with a co-host or as part of a team to provide their Host Services.

**2.3 Accommodation Reservations**. An Accommodation Reservation is a limited license to enter, occupy and use the Accommodation. The Host retains the right to re-enter the Accommodation during your stay, to the extent: (i) it is reasonably necessary, (ii) permitted by your contract with the Host, and (iii) consistent with applicable law. If you stay past checkout, the Host has the right to make you leave in a manner consistent

EFILED 04/29/24 03:57 PM CASE NO. 23C2812 Joseph P. Day, Clerk

COPY

with applicable law, including by imposing reasonable overstay penalties. You may not exceed the maximum number of allowed Guests.

**2.4 Reservations for Experiences and Other Host Services**. An Experience or other Host Service Reservation entitles you to participate in, attend, or use that Host Service. You are responsible for confirming that you, and anyone you invite, meet minimum age, proficiency, fitness or other requirements. You are responsible for informing the Host of any medical or physical conditions, or other circumstances that may impact your ability to participate, attend or use the Host Service. Except where expressly authorized, you may not allow any person to join a Host Service unless they are included as an additional guest during the booking process.

**3. Cancellations, Travel Issues, Refunds and Booking Modifications**.

**3.1 Cancellations, Travel Issues, and Refunds**. In general, if you cancel a reservation, the amount refunded to you is determined by the <u>cancellation policy</u> that applies to that reservation. But, in certain situations, other policies take precedence and determine what amount is refunded to you. If something outside your control requires you to cancel a reservation, you may be entitled to a partial or full refund under our <u>Extenuating Circumstances Policy</u>. If the Host cancels, or you experience a Travel Issue (as defined in our <u>Rebooking and Refund Policy</u>), you may be entitled to rebooking assistance or a partial or full refund under our <u>Rebooking and Refund Policy</u>. Different policies apply to certain categories of Listings; for example, Experiences reservations are governed by the <u>Experiences Guest Refund Policy</u>, and Luxe Reservations are governed by the <u>Luxe Rebooking and Refund Policy</u>. See each <u>Additional Legal Term</u> or <u>Policy</u> for details about what is covered, and what refund applies in each situation. You may appeal a decision by Airbnb by contacting our <u>customer service</u>.

**3.2 Booking Modifications**. Hosts and Guests are responsible for any booking modifications they agree to make via the Airbnb Platform or direct Airbnb customer service to make on their behalf ("**Booking Modifications**"), and agree to pay any additional amounts, fees or taxes associated with any Booking Modification.

**4. Your Responsibilities**.

**You are responsible for your own acts and omissions and are also responsible for the acts and omissions of anyone you invite to join or provide access to any Accommodation or Experience. For example, this means: (i) you are responsible for leaving an Accommodation (and related personal property) in the condition it was in when you arrived, (ii) you are responsible for paying all Damage Claim amounts necessary to cover damage that you, your guest(s), or your pet(s) cause to an Accommodation, and (iii) you must act with integrity, treat others with respect and**

EFILED 04/29/24 03:57 PM  CASE NO. 23C2812  Joseph P. Day, Clerk

COPY

**comply with applicable laws at all times. If you are booking for an additional guest who is a minor or if you bring a minor to a Host Service, you must be legally authorized to act on behalf of the minor and you are solely responsible for the supervision of that minor.**

# Host Terms

**5. Hosting on Airbnb**.

**5.1 Host**. As a Host, Airbnb offers you the right to use the Airbnb Platform to share your Accommodation, Experience, or other Host Service with our vibrant community of Guests - and earn money doing it. It's easy to create a Listing and you are in control of how you host - set your price, availability, and rules for each Listing.

**5.2 Contracting with Guests**. When you accept a booking request, or receive a booking confirmation through the Airbnb Platform, you are entering into a contract directly with the Guest, and are responsible for delivering the Host Service under the terms and at the price specified in your Listing. You are also agreeing to pay applicable fees like Airbnb's service fee (and applicable taxes) for each booking. Airbnb Payments will deduct amounts you owe from your payout unless we and you agree to a different method. Any terms or conditions that you include in any supplement contract with Guests must: (i) be consistent with these Terms, our

Additional Legal Terms, Policies, and the information provided in your Listing, and (ii) be prominently disclosed in your Listing description.

**5.3 Independence of Hosts**. Your relationship with Airbnb is that of an independent individual or entity and not an employee, agent, joint venturer or partner of Airbnb, except that Airbnb Payments acts as a payment collection agent as described in the Payments Terms. Airbnb does not direct or control your Host Service and you understand that you have complete discretion whether and when to provide Host Services and at what price and on what terms to offer them.

**6. Managing Your Listing**.

**6.1 Creating and Managing Your Listing**. The Airbnb Platform provides tools that make it easy for you to set up and manage a Listing. Your Listing must include complete and accurate information about your Host Service, your price, other charges like cleaning fees, resort fees, offline fees, and any rules or requirements that apply to your Guests or Listing. You are responsible for your acts and omissions as well as for keeping your Listing information (including calendar availability) and content (like photos) up-to-date and accurate at all times. We recommend that you obtain appropriate insurance for

COPY

your Host Services and suggest you carefully review policy terms and conditions like coverage details and exclusions. You may only maintain one Listing per Accommodation, but may have multiple Listings for a single property if it has multiple places to stay. Any offer of an Experience is subject to our **Additional Terms for Experience Hosts**.

**6.2 Know Your Legal Obligations**. You are responsible for understanding and complying with any laws, rules, regulations and contracts with third parties that apply to your Listing or Host Services. For example: Some landlords and leases, or homeowner and condominium association rules, restrict or prohibit subletting, short-term rentals and/or longer-term stays. Some cities have zoning or other laws that restrict the short-term rental of residential properties. Some jurisdictions require Hosts to register, get a permit, or obtain a license before providing certain Host Services (such as short-term rentals, longer-term stays, preparing food, serving alcohol for sale, guiding tours or operating a vehicle). In some places, the Host Services you want to offer may be prohibited altogether. Some jurisdictions require that you register Guests who stay at your Accommodation. Some jurisdictions have laws that create tenancy rights for Guests and additional obligations for Hosts. For example, some places have landlord-tenant, rent control, and eviction laws that may apply to longer stays. Check your local rules to learn what rules apply to the Host Services you plan to offer. Information we provide regarding legal requirements is for informational purposes only and you should independently confirm your obligations. You are responsible for handling and using personal data of Guests and others in compliance with applicable privacy laws and these Terms, including our **Host Privacy Standards**. If you have questions about how local laws apply you should always seek legal advice.

**6.3 Search Ranking**. The ranking of Listings in search results on the Airbnb Platform depends on a variety of factors, including these main parameters:

- Guest search parameters (e.g. number of Guests, time and duration of the trip, price range),

- Listing characteristics (e.g. price, calendar availability, number and quality of images, Reviews, type of Host Service, host status, age of the Listing, average Guest popularity),

- Guest booking experience (e.g. customer service and cancellation history of the Host, ease of booking),

- Host requirements (e.g. minimum or maximum nights, booking cut-off time), and

- Guest preferences (e.g. previous trips, saved Listings, location from where the Guest is searching).

COPY

Search results may appear different on our mobile application than they appear on our website. Airbnb may allow Hosts to promote their Listings in search or elsewhere on the Airbnb Platform by paying an additional fee. More information about the factors that determine how your Listing appears in search results, our current promotional programs (if any) and how we identify promoted Content can be found in our **Help Center**.

**6.4 Your Responsibilities**. **You are responsible for your own acts and omissions and are also responsible for the acts and omissions of anyone you allow to participate in providing your Host Services. You are responsible for setting your price and establishing rules and requirements for your Listing. You must describe any and all fees and charges in your Listing description and may not collect any additional fees or charges outside the Airbnb Platform except those expressly authorized by our** Offline Fee Policy. **Do not encourage Guests to create third-party accounts, submit reviews, provide their contact information, or take other actions outside the Airbnb Platform in violation of our** Off-Platform Policy.

**6.5 Hosting as a Team or Organization**. If you work with a co-host or host as part of a team, business or other organization, the entity and each individual who participates in providing Host Services, is responsible and liable as a Host under these Terms. If you accept terms or enter into contracts, you represent and warrant that you are authorized to enter into contracts for and bind your team, business or other organization, and that each entity you use is in good standing under the laws of the place where it is established. If you perform other functions, you represent and warrant that you are authorized to perform those functions. If you instruct Airbnb to transfer a portion of your payout to a co-host or other Hosts, or send payments to someone else, you must be authorized to do so, and are responsible and liable for the payment amounts and accuracy of any payout information you provide.

**7. Cancellations, Travel Issues, and Booking Modifications**.

**7.1 Cancellations and Travel Issues**. In general, if a Guest cancels a reservation, the amount paid to you is determined by the cancellation policy that applies to that reservation. As a host, you should not cancel on a Guest without a valid reason under our **Extenuating Circumstances Policy** or applicable law. If you cancel on a Guest without such a valid reason, we may impose a **cancellation fee and other consequences**. If: (i) a Guest experiences a Travel Issue (as defined by the **Rebooking and Refund Policy**), (ii) an **Extenuating Circumstance** arises, or (iii) a reservation is cancelled under Section 13 of these Terms, the amount you are paid will be reduced by the amount we refund or otherwise provide to the Guest, and by any other reasonable costs we incur as a result of the cancellation. If a Guest receives a refund after you have already been paid, or the amount of the refund and other costs incurred by Airbnb exceeds your payout, Airbnb (via Airbnb Payments) may recover that amount from you,