UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY<br>A/S/O EVE CONDOMINIUM<br>ASSOCIATION, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>KATHLEEN M. SCHLIEP, and<br>LG ELECTRONICS USA, INC.,<br><br>    Defendants. | Case No.: 3:25-cv-00512<br><br>JUDGE ALETA A. TRAUGER<br><br>JURY DEMAND |

## ANSWER TO AMENDED COMPLAINT

Defendant, LG Electronics USA, Inc., by and through counsel, hereby files its Answer to the Amended Complaint, and states:

### FIRST AFFIRMATIVE DEFENSE

Defendant specifically pleads the defenses set forth in Tenn. Code Ann. §29-28-106. In particular, Defendant affirmatively alleges that it cannot be held liable because it never exercised substantial control over the design, testing, manufacture, packaging or labeling of the subject product. Further, Defendant did not alter or in any way modify the product at issue in this case.

### SECOND AFFIRMATIVE DEFENSE

Defendant acquired and sold the product in a sealed container and acquired and sold the product under circumstances in which it was afforded no reasonable opportunity to inspect the product in such a manner which would reveal the existence of any defective condition.

1

### THIRD AFFIRMATIVE DEFENSE

Defendant denies that the product at issue was defective and/or unreasonably dangerous.

### FOURTH AFFIRMATIVE DEFENSE

Defendant would affirmatively allege, upon information and belief, that the Plaintiff has spoliated certain relevant and material evidence in this case. Specifically, upon information and belief, the allegedly defective product at issue, an electric range, is no longer available for inspection by this Defendant or this Defendant's potential experts. As such, relevant information regarding the condition and quality of the range and its components, any defects, and whether the electrical range malfunctioned, have been discarded or destroyed. Plaintiff has the obligation to secure and keep such information. Defendant reserves the right to seek sanctions against the Plaintiff based upon further investigation and future discovery on this issue.

### FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that the negligent acts and/or omissions of Defendant Kathleen M. Schliep caused the fire in the Unit.

### SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that Plaintiff failed to mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant relies upon the economic loss doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time barred by all applicable statutes of limitations and statutes of repose.

In response to the individually numbered paragraphs and with specific reference thereto:

1. Defendant admits the averments in paragraph 1 of the Amended Complaint upon

information and belief.

2. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 2 of the Amended Complaint.

3. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 2 of the Amended Complaint.

4. Defendant admits the averments in paragraph 4 of the Amended Complaint.

5. Defendant denies the averments in paragraph 5 of the Amended Complaint.

6. The averments in paragraph 6 of the Amended Complaint are not directed at this Defendant and do not require a response from this Defendant.

7. In response to the averments in paragraph 7 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief in the truth of the averment that Eve Condominiums Association's property sustained damage and denies that any act or omission of Defendant was the direct and/or proximate cause of any damage alleged by Plaintiff.

8. The averments in paragraph 8 do not require a response, as Defendant removed this case from the Davidson County Circuit Court.

9. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 9 of the Amended Complaint.

10. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 10 of the Amended Complaint.

11. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 11 of the Amended Complaint.

12. Defendant is without knowledge or information sufficient to form a belief in the truth

of the averments in paragraph 12 of the Amended Complaint.

13. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 13 of the Amended Complaint.

14. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 14 of the Amended Complaint.

15. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 15 of the Amended Complaint.

16. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 16 of the Amended Complaint.

17. The averments in paragraph 17 of the Amended Complaint are not directed at this Defendant and do not require a response from this Defendant.

18. The averments in paragraph 18 of the Amended Complaint are not directed at this Defendant and do not require a response from this Defendant.

19. Defendant denies the averments in paragraph 19 of the Amended Complaint.

20. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 20 of the Amended Complaint.

21. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 21 of the Amended Complaint.

22. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 22 of the Amended Complaint.

23. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments in paragraph 23 of the Amended Complaint.

24. Defendant denies that it was engaged in the business of manufacturing or designing

electric ranges. Defendant is a distributor for LG products. Defendant is without knowledge or information sufficient to form a belief in the truth of the averments regarding the specific range at issue.

25. Defendant denies the averments in paragraph 25 of the Amended Complaint.

26. Defendant denies the averments in paragraph 26 of the Amended Complaint.

27. Defendant denies the averments in paragraph 27 of the Amended Complaint.

28. Defendant denies the averments in paragraph 28 of the Amended Complaint.

29. Defendant denies the averments in paragraph 29 of the Amended Complaint.

30. Defendant denies the averments in paragraph 30 of the Amended Complaint.

31. Defendant denies the averments in paragraph 31 of the Amended Complaint.

32. Defendant denies the averments in paragraph 32 of the Amended Complaint.

33. Defendant denies the averments in paragraph 33 of the Amended Complaint.

34. Defendant denies the averments in paragraph 34 of the Amended Complaint.

35. In response to the averments in paragraph 35 of the Amended Complaint, Defendant denies that it owed a duty in the design or manufacture of the range, as Defendant does not design or manufacture electric ranges. Defendant is without knowledge or information sufficient to form a belief in the truth of the remaining averments.

36. Defendant denies the averments in paragraph 36 of the Amended Complaint.

37. Defendant denies the averments in paragraph 37 of the Amended Complaint.

38. Defendant denies the averments in paragraph 38 of the Amended Complaint.

39. Defendant denies the averments in paragraph 39 of the Amended Complaint.

40. Defendant denies the averments in paragraph 40 of the Amended Complaint.

41. Defendant admits the averments in paragraph 41 of the Amended Complaint.

42. In response to the averments in paragraph 42 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief in the truth of the averment that Plaintiff sustained damages and denies that any act or omission of Defendant was the direct and/or proximate cause of any damages alleged by Plaintiff.

43. Defendant denies the averments in paragraph 43 of the Amended Complaint as to this Defendant.

44. The remaining averments appear to be requests for relief for which no response is required other than denial so as to avoid any prejudice thereby.

WHEREFORE, having fully answered, Defendant denies any and all allegations not heretofore specifically admitted, explained or denied as if specifically denied herein, denies that it is liable to Plaintiff for any sum or sums, and demands a jury of the maximum number allowed by this Court to try this matter.

Respectfully submitted,

*/s/ Jamie A. Leaver*
_____
Christopher M. Jones (#022142)
Jamie A. Leaver (#037316)
**LeVAN, SPRADER, PATTON & PLYMIRE**
Harpeth on the Green II
109 Westpark Drive, Suite 220
Brentwood, TN 37027
(615) 843-0300 phone
(615) 843-0310 facsimile
cjones@lsplaw.net
jleaver@lsplaw.net
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2025, a true and correct copy of the foregoing Answer to Amended Complaint was sent by United States mail, postage prepaid, and/or electronic means as follows:

| | |
|---|---|
| Russell Rutledge (#017548) | Bennett J. Wills (#034831) |
| 5350 Poplar Ave. | Wills Law, PLLC |
| Suite 306 | 750 Old Hickory Blvd. |
| Memphis, Tennessee 38119 | Bldg. 2, Ste. 150 |
| (901) 620-2980 | Brentwood, Tennessee 37027 |
| *Attorney for Plaintiff* | (615) 495-4696 |
| | bennett@willslawpllc.com |
| | *Attorney for Defendant Schliep* |

By: */s/ Jamie A. Leaver*
Jamie A. Leaver